IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEATHER DANIELS,<br>URBAN BRATZ, LLC, A CALIFORNIA<br>Limited liability Company<br><br>        Plaintiff,<br><br>Spencer Gifts, LLC, a Delaware Limited<br>Liability Company: Spencer Gifts, LLC dba<br>Dappy and Glow Store, Spencer Gifts Holding<br>LLC a Delaware Limited Liability Company,<br>Spencer Gifts Online LLC, a Delaware Limited<br>Liability Company;<br><br>        Defendants. | No: |

## COMPLAINT

Now comes the Plaintiffs Heather Daniels, and Urban Bratz, LLC by and through their attorney Ronald L. Bell & Associates P.C. and complains against the Defendants Spencer Gifts, LLC, a Delaware Limited Liability Company: Spencer Gifts Holding LLC a Delaware Limited Liability Company, Spencer Gifts Online LLC, a Delaware Limited liability Company, dba as Dappy and Glow Store as follows:

### GENERAL ALLEGATIONS

1. The Plaintiff Heather Daniels is an Illinois Resident.

2. The Plaintiff Urban Bratz, LLC. Is a California Limited Liability Corporation.

3. Defendants, Spencer Gifts, LLC and Spencer Gifts, LLC dba Dappy and Glow Store, are Delaware Limited Liability companies.

1

4. Defendant Spencer Gifts LLC, is a Delaware Limited Liability company, doing business in the Northern District of Illinois and whose corporate headquarters are located at 6826 Black Horse Pike, Egg Harbor Township, New Jersey, 08234.

5. Defendants, Spencer Gifts Holding LLC, is a Delaware Limited Liability company, doing business in the Northern District of Illinois and whose corporate headquarters are located at 6826 Black Horse Pike, Egg Harbor Township, New Jersey 08234

6. Defendants, Spencer Gifts Online, LLC, is a Delaware Limited Liability Company, doing business in the Northern District of Illinois, and whose corporate headquarters are located at 6826 Black Horse Pike, Egg Harbor Township, New Jersey 08234.

7. Defendants Spencer Gifts, LLC, Spencer Gifts Holding LLC, and Spencer Gifts Online LLC, conduct business within the jurisdiction of the Northern District of Illinois and maintain stores and/or websites doing business throughout the Chicagoland metropolitan area in Illinois, including Cook and Lake counties.

## JURISDICTION AND VENUE

8. This is a civil action arising under the Copyright Act and the Lanham Act. Accordingly, this court has federal question jurisdiction over the subject matter of this action pursuant to 17, U.S.C. Sections 101 et.seq., 15 U.S.C. Sections 45, 1121 and 28 U.S.C. Sections 1331 and 1338 (a) and (b). The court has supplemental jurisdiction over the pendant state law claims pursuant to the principles of supplemental jurisdiction contained in 28 U.S.C. Sections 1367 (a).

9. Venue is proper in this judicial district under 28 U.S.C. Section 1391 (b). in that the actions complained of herein are occurring in this district, and the Defendants may be found in this District under 28U.S.C. section 1400 (a).

## ALLEGATIONS COMMON TO BOTH CLAIMS FOR RELIEF

10. Plaintiff is a graphic designer, and is the owner of Urban Bratz, LLC a California Limited Liability company specializing in the sale of children and infant apparel with original graphic designs.

11. Plaintiffs have been successful in the sale and marketing of their original apparel in over 100 stores throughout the world carrying their line of clothing, since Urban Bratz LLC began business on January 13, 2009.

12. Plaintiff has created a website on or about January 2009 where the original graphic designs are marketed and sold.

13. On or about November 11, 2008 the Plaintiff Heather Daniels created an original graphic design entitled "Sorry Boys, my Daddy says I Can't Date 'Till I'm 30. A true and correct copy of the copyrighted work is attached hereto and marked as Exhibit A.

14. The copyrighted work, Exhibit A, attached hereto and incorporated by reference is the subject of United States Copyright office Certificate of Registration No. VA-1-698-384, issued to Plaintiff Heather Daniels on February 2, 2010. A true and correct copy of the Certificate of Copyright is attached hereto and Marked as Exhibit "B".

15. Since the creation of the copyrighted work, Plaintiff has continued to comply with provisions of the Copyright Act with respect to the copyright.

16. Plaintiff continues to be the sole proprietor of all right, title and interest in and to the copyrighted work.

17. Plaintiff markets the copyrighted work through her company, Urban Bratz LLC.

18. Plaintiff has never conveyed any right, title or interest in or to the copyrighted work to any other person.

19. Plaintiff has never released the copyrighted work into the public domain.

20. In the marketing of her copyrighted work, on or about March 23, 2009, the Plaintiff contacted the Defendants, Spencer Gifts, LLC. through Cori Totoro, Associate Buyer, of Defendants by E. Mail, informing her of Urban Bratz and product submission inquiring if Defendants would be interested in carrying Plaintiff's T-shirt and giving Defendants access to view Plaintiff's line of apparel by directing Defendants to Plaintiff's Website www.Urban-bratz.com. See Exhibit C attached hereto and incorporated by reference the E. Mail dated March 23, 2009 to Cori Totoro.

21. That Cori Totoro opened the E Mail sent by the Plaintiff and had access to the Plaintiff's copyrighted materials for Spencer's consideration to carry the Urban Bratz line. See exhibit D.

22. Having already misappropriated the copyrighted material of Urban Bratz, Spencer's employee, Cori Totoro requested additional copyrighted material from Urban Bratz on February 9, 2010. See Group Exhibit C.

23. That Roseanne Seger, employed by the Defendants as Chief or Senior Buyer, was forwarded by Cori Totoro the E Mail of March 23, 2009 sent by the Plaintiff for her consideration for Defendants to carry the Plaintiff's line of apparel. See Exhibit C.

24. Defendant's interest in Plaintiff's designs were not for legitimate reasons rather they were for counterfeiting.

25. The Defendants also had access to the Plaintiff's copyrighted material in that it was published on June 2009 in Kids LA Magazine and on various blogs from June 2009 through January 2010. See attached Exhibit E.

26. The Defendants copied the Plaintiff's design, and has been selling T-shirts with the Plaintiff's copyrighted design, in their retail stores and on line in their web site. That said actions infringe on the copyright which the Plaintiff owns. See exhibit F attached hereto and incorporated by reference the Defendants infringing design.

27. That one location in which this infringing design T-shirt was sold was in the Spencers retail store in Vernon Hills Illinois, within this District Courts Jurisdiction. See attached Exhibit G receipt for purchase of the t-shirt.

28. That a true and correct copy of the Defendants' Web page offering the infringing design T shirt is attached as Exhibit H.

29. The infringing T-shirt Exhibit F bears substantially the same design as the Plaintiff's exhibit A which is Plaintiff's copyrighted work. See Exhibit I for comparison.

30. Neither the Plaintiffs nor anyone authorized by them has at any time licensed Defendants to reproduce, advertise, distribute, sell exhibit, or otherwise deal in the copyrighted work whether on t-shirts or on any other article.

31. The Plaintiff's t-shirts on average sell throughout the country for approximately $24.00 the Defendants infringing design T-shirt sold for $12.99. The Plaintiff's infant apparel on average sells throughout the country for approximately $22.00, the Defendant's infringing design sells for $14.99.

32. The Defendants counterfeited the Plaintiff's unique design and essence in violation of the copyright act, without Plaintiff's consent and authority, and marketed it at a cheaper amount to obtain a unfair market advantage.

33. The Defendants mass marketed this unique boutique item at a lower price thereby devaluing the Plaintiff's copyrighted and protected design.

34. The Defendants had access to the Plaintiff's design from the March 23, 2009 E-Mail attached as Exhibit C inviting the Defendants buyer to view the designs of the Plaintiff as a marketing inquiry if Defendants would be interested in selling Plaintiff's apparel in the Defendants store.

35. Plaintiff was unaware at the time the good faith solicitation for sales was made that Spencer consists of a group that often times does not pay for the wares and designs of others but instead once exposed to the copyrighted designs instead steals same for their own pecuniary gain.

36. Plaintiff has since discovered that Defendant has been sued many times for copyright infringement:
    a. Lewis Galoob Toys v. Spencer Gifts LLC 1995 87-1231
    b. Sean Moorman v. Spencer Gifts LLC 207
    c. Tuni & G v. Spencer Gifts LLC 2008 80 C V 0410
    d. Olander enterprises Inc. V. Spencer Gifts LLC 2009 09 Cv. 01372

37. That the Defendants have a pattern of conduct of counterfeiting, stealing and infringing upon the copyright of others and selling same at a reduced price to obtain an unfair market advantage in disregard of the rights of the lawful holder of the copyright.

38. The Defendants attempt to put superficial changes in the design the Defendants were marketing was a superficial attempt to conceal or avoid copyright infringement charges.

39. The Defendants design with a pipe in the fathers mouth, or a superficial fonts change in a letter does not change the character of the design to differentiate it from the Plaintiff's original copyrighted design. See Exhibit I for comparison.

6

40. The essence of the Plaintiff's copyrighted design is in the Design used by the Defendants so much so that if you lay one over the other it is in the same order.

41. The superficial design change by defendants of adding a pipe to the father and a font change has caused and will continue to cause confusion in the market place.

42. The Design changes as superficial as they are is an infringement upon Plaintiff's copyright as no permission was given to the Defendants to make any design change to the Plaintiff's copyright.

43. The Plaintiff's original copyrighted work and the Defendant's counterfeited copied work are substantially the same.

44. Defendants have approximately 766 stores in the United States in which the T-shirt and infant apparel "Sorry Boys" containing the Plaintiff's copyrighted design was sold.

45. The Defendants have other stores in Canada and the U.K. and upon information and belief in other countries in which the t-Shirt "Sorry Boys" containing the Plaintiff's copyrighted design was sold.

## FIRST CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT)

46. Plaintiff realleges and incorporates by this reference each and every allegation set forth in paragraphs 1-45 herein.

47. By reason of the foregoing, Defendants conduct has infringed Plaintiff copyright interest in the copyrighted work.

48. By reason of the foregoing Defendant's conduct has devalued the Plaintiff's copyrighted work.

49. That the activities of the Defendants in intentionally or negligently offering for sale, distributing, marketing, and/or publicly exhibiting articles of apparel that infringe the aforementioned copyright constitute willful acts of infringement.

50. This extensive and wide reaching infringement has and will continue to severely diminish the value of Plaintiff's work by the distribution of inferior copies of Plaintiff's unique design. By reason of the foregoing, Plaintiff has and will suffer irreparable damages to her business, reputation, and goodwill.

51. There is a likelihood of success on the merits as the Defendants had access to the Plaintiffs copyrighted design and the infringing design of the Defendant is substantially similar in a side by side comparison to the copyrighted protected design of the Plaintiff.

52. Defendant did not make an innocent mistake, in that after Defendant was exposed to the Plaintiff's copyrighted the plaintiff began to counterfeit the Plaintiff's copyright protected design capturing all of its essence.

53. Plaintiff is informed and believes, and on the basis alleges, that unless enjoined by this court, Defendant intends to continue its course of conduct and to wrongfully use, infringe upon, sell and otherwise profit from the copyrighted work.

54. As a direct and proximate result of the acts of defendants alleged above, Plaintiffs have already suffered irreparable damage.

55. Plaintiff has no adequate remedy at law to redress all of the injuries that Defendant has caused and intends to cause by its infringement and its conduce.

56. Plaintiff will continue to suffer irreparable damage until Defendant's actions alleged above are enjoined by this Court.

57. The Defendants knowingly interfered with the Plaintiff's copyright in that the Defendants interfered with Plaintiff's reproduction rights by reproducing copies of the Plaintiff's copyrighted material of children and infant apparel.

58. The Defendants modified the Plaintiff's copyright without permission.

59. Defendants exercised distribution rights of the Plaintiff's copyrighted work without permission.

60. The Defendants publically displayed Plaintiff's copyrighted work without permission.

61. That each of the aforementioned invokes separate and distinct rights of action for reimbursement for infringing upon the Plaintiff's copyrighted material.

62. That the Plaintiff is entitled to out-of-pocket damages as of February 2, 2010.

63. That the Plaintiff is entitled to statutory damages since February 2, 2010.

64. Plaintiff has been damaged in excess of $1,000,000 by the Defendant's infringement of the Plaintiff's copyright.

## SECOND CLAIM FOR RELIEF

### (FALSE DESIGNATION OF ORGIN)

65. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1- 64.

66. Defendant, while doing business in interstate commerce, has intentionally or negligently misrepresented the source of Defendant's products to actual and potential customers of Defendant and to other third parties.

67. Defendant's wrongful conduct constitutes a violation of Section 43 (a) of the Lanham Act, 15 U.S.C. section 1125(a).

68. As a result of the foregoing, Plaintiff has been damaged in an amount in excess of $1,000,000 one million dollars according to the proofs.

69. Plaintiff has no adequate remedy at law for Defendant's wrongful conduct in that (i) if Defendant's wrongful conduct continues, consumers are likely to become further confused as to the source of the copyrighted work, (ii) Defendant's use constitutes an interference with Plaintiff's goodwill and reputation, and (iii) Defendant' s conduct, and the resultant damages to Plaintiff, are continuing.

70. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S. C. section 1116 (a).

71. Defendant has been guilty of oppression, fraud and malice in doing the things herein, by reason of which Plaintiff is entitled to damages for the sake of example and by way of punishing Defendants.

72. Plaintiffs are also entitled to recover their attorney's fees and costs of suit pursuant to 15 U.S.C. Section 1117 (a).

## THIRD CLAIM FOR RELIEF

### (ACCOUNTING)

73. Plaintiff realleges and incorporates by reference each and every allegation as set forth in paragraphs 1- 72.

74. Due to Defendants unlawfully using the Plaintiff's copyrighted design on T shirts and infant apparel for their own pecuniary gain the Defendants reaped a substantial financial windfall to their benefit and to the detriment of the Plaintiff.

75. The amounts of revenue and profit generated by the Defendants selling T-shirts with the Plaintiff's copyrighted design are unknown to the Plaintiff because the Defendants

have had sole possession, custody and control of their books and records during all periods of time relevant herein.

76. Plaintiffs seek equitable relief, as there exists no adequate remedy at law for this claim for accounting and plaintiff cannot, at this time, ascertain the revenues rightfully due them.

77. The Defendants needs to be order to give a complete accounting of all revenues and profits generated by the "Sorry Boys T-shirt and infant apparel) from all of its stores including stores in the United States, Canada , U.K. and other countries.

78. The Defendants needs to be order to give a complete accounting of all revenues and profits generated by the "Sorry Boys T-shirt and infant apparel) from all of its web sites in the United States, Canada , U.K. and other countries.

### PRAYER FOR RELIEF

Wherefore, Plaintiffs demand a jury trial and judgment in their favor and against the Defendants jointly and severally, as follows:

79. For preliminary and permanent injunctive relief as provided by 15 U.S.C. section 1118 preventing Defendants and their agents servants, employees, attorneys, representatives, successors and assigns, and all persons, firms or corporations acting in active concert or participation with any of Defendants from:

   A. Directly or indirectly infringing upon any of Plaintiff's copyrighted and copyright protected materials including but not limited to using the confusingly similar designations or designs " Sorry Boys" in connection with products sponsored by or affiliated with Defendants,

B. Consenting to or otherwise allowing any distributor selling any Defendants' products from directly or indirectly infringing upon any of Plaintiffs Copyrighted material.

C. Using any copyrighted material which tend to falsely represent, or which are likely to confuse, mislead or deceive purchasers, Defendants customers and or members of the public that the unauthorized goods and or products marketed, offered or advertised by Defendants originate from Plaintiff or that any such goods and or product s are sponsored, approved and or licensed by and or associated, connected or affiliated with Plaintiff

D. Engaging in any conduct that tends to falsely to represent or is likely to confuse, mislead or deceive purchasers, customers and or members of the public to believe or conclude that the actions of Defendants are sponsored, approved, and or licensed by and or connected or affiliated with Plaintiff.

E. Otherwise competing unfairly with Plaintiff.

F. For an award of damages against Defendants in the amount of Defendants profits plus actual damages sustained by Plaintiffs for defendant's wrongful acts as well as unfair completion in the amount according to the proofs believed to be in excess of one million dollars.

G. As provided in15 U.S.C. section 1116 and 1117 for an award to Plaintiffs and against Defendant, jointly and severally, of injunctive relief and damages in the amount of three times defendants profits and damages sustained by Plaintiff, plus Plaintiff's attorney fees and expenses on those claims asserted pursuant to 15 U.S.C. 1125 (a).

H. For an award of attorney fees

I. For an award o exemplary and punitive damages in the sum of Six Million dollars.

J. For the Defendants to provide a complete accounting for the sale of apparel utilizing the infringing copyrighted design of the Plaintiff.

K. For such other and further relief the court deems fair and equitable upon the premises.

Respectfully submitted,

By: /s/ *Ronald L. Bell*

Ronald L. Bell

Ronald L. Bell & Associates P.C.
Attorney for the Plaintiffs
1275 Barclay Blvd. Suite 100
Buffalo Grove, IL. 60089
847 495-6000
Atty Code: 03126822