**FILED**

**NOVEMBER 22, 2010**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| HEATHER DANIELS, <br> URBAN BRATZ, LLC, a California <br> Limited liability Company <br><br>     **Plaintiff,** <br><br> SPENCER GIFTS, LLC, a Delaware Limited <br> Liability Company: SPENCER GIFTS, LLC <br> d/b/a Dappy and Glow Store, SPENCER <br> GIFTS HOLDING LLC, a Delaware Limited <br> Liability Company, SPENCER GIFTS ONLINE <br> LLC, a Delaware Limited Liability Company, <br> and TEE SHIRT CENTRAL  INC. <br>     **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | **No: 10-cv-5345** <br><br> **Judge Gettleman** <br><br> **Magistrate Judge Ashman** |

### FIRST AMENDED COMPLAINT

Now come the Plaintiffs Heather Daniels, and Urban Bratz, LLC by and through their attorney Ronald L. Bell & Associates P.C. and complains against the Defendants Spencer Gifts, LLC, a Delaware Limited   Liability Company: Spencer Gifts Holding   LLC a Delaware Limited Liability Company, Spencer Gifts Online LLC, a Delaware Limited liability Company, dba as Dappy and Glow Store and Tee Shirt Central Inc. a Flordia Corporation as follows:

### GENERAL ALLEGATIONS

1. Plaintiff Heather Daniels is an Illinois Resident.

2. Plaintiff Urban Bratz, LLC. is a California Limited Liability Corporation.

3. Defendants Spencer Gifts, LLC and Spencer Gifts, LLC dba Dappy and Glow Store, are Delaware Limited Liability companies.

4.  Defendant Spencer Gifts LLC, is a Delaware Limited Liability company, doing business in the Northern District of Illinois and whose corporate headquarters are located at 6826 Black Horse Pike, Egg Harbor Township, New Jersey, 08234.

5.  Defendant Spencer Gifts Holding LLC, is a Delaware Limited Liability company, doing business in the Northern District of Illinois and whose corporate headquarters are located at 6826 Black Horse Pike, Egg Harbor Township, New Jersey 08234

6.  Defendants Spencer Gifts Online, LLC, is a Delaware Limited Liability Company, doing business in the Northern District of Illinois, and whose corporate headquarters are located at 6826 Black Horse Pike, Egg Harbor Township, New Jersey 08234.

7.  Defendant Tee Shirt Central Inc. a Flordia corporation hereinafter referred to as Tee Shirt Central was the printer of the infringing apparel.

8.  Defendants Spencer Gifts, LLC, Spencer Gifts Holding LLC, and Spencer Gifts Online LLC, conduct business within the jurisdiction of the Northern District of Illinois and maintain stores and/or websites doing business throughout the Chicagoland metropolitan area in Illinois, including Cook and Lake counties.

## JURISDICTION AND VENUE

9.  This is a civil action arising under the Copyright Act and the Lanham Act. Accordingly, this court has federal question jurisdiction over the subject matter of this action pursuant to 17, U.S.C. Sections 101 et.seq. , 15 U.S.C. Sections 45, 1121 and 28 U.S.C. Sections 1331 and 1338 (a) and (b). The court has supplemental jurisdiction over the pendant state law claims pursuant to the principles of supplemental jurisdiction contained in 28 U.S.C. Sections 1367 (a). Defendant Spencer Gifts, LLC admitted in the filed pleadings that Venue was appropriate.

2

10. Venue is proper in this judicial district under 28 U.S. C. Section 1391 (b). in that the actions complained of herein are occurring in this district, and the Defendants may be found in this District under 28 U.S.C. section 1400 (a).

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

11. Plaintiff is a graphic designer, and is the owner of Urban Bratz, LLC a California Limited Liability company specializing in the sale of children and infant apparel with original graphic designs.

12. Plaintiffs have been successful in the sale and marketing of their original apparel in over 100 stores throughout the world carrying their line of clothing, since Urban Bratz LLC began business on January 13, 2009.

13. Plaintiff has created a website on or about January 2009 where the original graphic designs are marketed and sold.

14. On or about November 11, 2008 the Plaintiff Heather Daniels created an original graphic design entitled "Sorry Boys, my Daddy says I Can't Date 'Till I'm 30. A true and correct copy of the copyrighted work is attached hereto and marked as Exhibit A.

15. The copyrighted work, Exhibit A, attached hereto and incorporated by reference is the subject of United States Copyright office Certificate of Registration No. VA-1-698-384, issued to Plaintiff Heather Daniels on February 2, 2010. A true and correct copy of the Certificate of Copyright is attached hereto and Marked as Exhibit "B".

16. That on November 3, 2010 the Plaintiff was awarded another copyright, which the copyright office recognized as containing text, 2-D artwork, and an original epigram with a hand-drawn human figure. A true and correct copy of the certificate of copyright is attached hereto and made a part hereof as exhibit J.

17. That the November 3, 2010 copyright was first created in 2008 and the registration number is VAu-043-680. See exhibit J consisting of the certificate and original design.

18. That both copyrighted works contain the same original epigram text, design, and trade mark, belonging to the plaintiff.

19. Since the creation of the works that are the subject of the copyrights Plaintiff has continued to comply with provisions of the Copyright Act with respect to the copyright.

20. Plaintiff continues to be the sole proprietor of all right, title and interest in and to the copyrighted works.

21. Plaintiff markets the copyrighted work through her company, Urban Bratz LLC.

22. Plaintiff has never conveyed any right, title or interest in or to the copyrighted work to any other person.

23. Plaintiff has never released the copyrighted works into the public domain.

24. In the marketing of her copyrighted work, on or about March 23, 2009, the Plaintiff contacted the Defendants, Spencer Gifts, LLC. through Cori Totoro, Associate Buyer, of Defendants by E. Mail, informing her of Urban Bratz and product submission inquiring if Defendants would be interested in carrying Plaintiff's T-shirts and giving Defendants access to view Plaintiff's line of apparel by directing Defendants to Plaintiff's Website www.Urban-bratz.com. See Exhibit C attached hereto and incorporated by reference the E-Mail dated March 23, 2009 to Cori Totoro.

25. That Cori Totoro opened the E-Mail sent by the Plaintiff and had access to the Plaintiff's copyrighted materials for Spencer's consideration to carry the Urban Bratz line. See exhibit D.

4

26. Having already misappropriated the copyrighted material of Urban Bratz, Spencer's employee, Cori Totoro requested additional copyrighted material from Urban Bratz on February 9, 2010.  See Group Exhibit C.

27. That Roseanne Seger, employed by the Defendants as Chief or Senior Buyer, was forwarded by Cori Totoro the E Mail of March 23, 2009 sent by the Plaintiff for her consideration for Defendants to carry the Plaintiff's line of apparel. See Exhibit C.

28. Defendant's interest in Plaintiff's designs were not for legitimate reasons rather they were for counterfeiting.

29. The Defendants also had access to the Plaintiff's copyrighted material in that it was published on June 2009 in Kids LA Magazine and on various blogs from June 2009 through January 2010.  See attached Exhibit E.

30. The Defendants copied the Plaintiff's design, and has been selling infant and children's apparel with the Plaintiff's copyrighted design, in their retail stores and on line in their web site. That said actions infringe on the copyright which the Plaintiff owns. See exhibit F attached hereto and incorporated by reference the Defendants infringing design.

31. That one location in which this infringing design and trademark on apparel was sold was in the Spencer's retail store in Vernon Hills Illinois, within this District Courts Jurisdiction. See attached Exhibit G receipt for purchase of the garment.

32. That the Defendant Spencers admitted in discovery that Tee Shirt Central Inc printed all their "Sorry Boys" children apparel.

33. That a true and correct copy of the Defendants' web page offering the infringing design on a T-shirt is attached as Exhibit H.

34. The infringing T-shirt Exhibit F bears substantially the same design as the Plaintiff's exhibit A which is Plaintiff's twice copyrighted work.   See Exhibit I for comparison.

35. That Tee Shirt Central was disclosed by the Defendant in discovery as the Printer and supplier of the infringing material the Defendant marketed and sold which contained the essence of Plaintiff's copyrights and trademarks.

36. That upon review of Defendant's discovery it was discovered that Tee Shirt Central also took and infringed upon the Plaintiff's trademark "I like shiny things just like mommy."

37. Neither the Plaintiffs nor anyone authorized by them has at any time licensed Defendants to reproduce, advertise, distribute, sell exhibit, or otherwise deal in the copyrighted and trademarked work whether on T-shirts or on any other article.

38. The Plaintiff's T-shirts on average sell throughout the country for approximately $24.00 the Defendants infringing design and trademark T-shirt sold for $12.99.  The Plaintiff's infant apparel on average sells throughout the country for approximately $22.00, the Defendant's infringing design and trademark sells for $14.99.

39. The Defendants counterfeited the Plaintiff's unique design in "Sorry Boys" copyrights and essence in violation of the copyright and trademark acts, without Plaintiff's consent and authority, and marketed it at a cheaper amount to obtain an unfair market advantage.

40.  The Defendants mass marketed this unique boutique item "Sorry boys" at a lower price thereby devaluing the Plaintiff's copyrighted and trademarked protected design.

41. The Defendants had access to the Plaintiff's design and original epigram from the March 23, 2009 E-Mail attached as Exhibit C inviting the Defendants buyer to view the

designs of the Plaintiff as a marketing inquiry if Defendants would be interested in selling Plaintiff's apparel in the Defendant's store.

42. Plaintiff was unaware at the time the good faith solicitation for sales was made that Spencer consists of a group that often times does not pay for the wares and designs of others but instead once exposed to the copyrighted and trademarked designs instead steals same for their own pecuniary gain.

43. Plaintiff has since discovered that Defendant has been sued many times for copyright as well as trademark infringement:

    a.  Lewis Galoob Toys v. Spencer Gifts LLC 1995 87-1231

    b.  Sean Moorman v. Spencer Gifts LLC 207

    c.  Tuni & G v. Spencer Gifts LLC 2008 80 C V 0410

    d.  Olander enterprises Inc. V. Spencer Gifts LLC 2009 09 Cv. 01372

44. That the Defendants have a pattern of conduct of counterfeiting , stealing and infringing upon the copyright and trademarks of others and selling same at a reduced price to obtain an unfair market advantage in disregard of the rights of the lawful holder of the copyright and trademarks.

45. That all of the Defendants sold their "Sorry Boys" children apparel for less than the Plaintiff.

46. The Defendants attempt to put superficial changes in the design that Defendants were marketing was a superficial attempt to conceal or avoid copyright and trademark infringement charges.

47. The Defendants design with a pipe in the father's mouth, or a superficial font change in a letter does not change the character or essence of the design to differentiate it from the Plaintiff's original copyrighted design. See Exhibit I for comparison.

48. The essence of the Plaintiff's copyrighted design and original epigram is in the version used by the Defendants so much so that if you lay one over the other it is in the exact same order.

49. The superficial design change by Defendants of adding a pipe to the father and a font change has caused and will continue to cause confusion in the market place in violation of the trademark Act. ( See Exhibit K Blog)

50. The Design changes as superficial as they are is an infringement upon Plaintiff's copyrights as no permission was given to the Defendants to make any design change to the Plaintiff's copyrights.

51. The Plaintiff's original copyrighted work and the Defendant's counterfeited copied work are substantially the same.

52. Defendants have approximately 766 stores in the United States in which the T-shirt and infant apparel "Sorry Boys" containing the Plaintiff's copyrighted and trademark design was sold.

53. The Defendants have other stores in Canada and the U.K. and upon information and belief in other countries in which the T-Shirt "Sorry Boys" containing the Plaintiff's copyrighted and trademark design was sold.

54. Plaintiff has spent a great deal of effort and time promoting her trademarks and copyrights so that it is has become identified with her brand Urban Bratz line of children apparel. In that:

a.  Plaintiffs have received much press and notoriety:

Plaintiff's advertisements, reviews, promotions and products have been featured in numerous magazine articles, Internet blog websites, and television news spots and have been featured with celebrities such as Mario Lopez from Dancing With The Stars. See a sampling from Plaintiff's press features attached herein as Exhibit E. In fact with all of this exposure of plaintiff's products, much attention and fame has been brought to the Plaintiff's Urban Bratz brand and the registered marks. Plaintiff has further made it a requirement for all advertisers and features of it's products to list the "Urban Bratz" mark in connection with all featured or advertised products, which connects ownership of it's brand with it's products including those containing the " Sorry Boys My Daddy Says I Can't Date Till' I'm 30" and "I Like Shiny Things Just Like Mommy" mark. Furthermore, a majority of the press featuring Plaintiff, focuses on the fact that Plaintiff is well known for it's "Sorry Boys My Daddy Says I Can't Date Till' I'm 30" products. Specifically, the Plaintiff's products, which bear the Registered Mark, have been featured on the following:

b.  **Plaintiff's trademarks and copyrights have been published in Magazine and Print:**

The Plaintiff's "Sorry Boys My Daddy Says I Can't Date Till' I'm 30" and other products have been featured in numerous magazine and print brochures and have become widely known throughout the United States. The following represents some of the featured articles: 1). Kid's LA Magazine (reaching 20,000 readers monthly) 2.) Low County Parent Magazine (reaching 41,000 readers monthly) 3) Earnshaw's Magazine ( Multiple issues)

c.  **Plaintiff's trade marks and copyrights have received Online Press**

Plaintiff has also received a very large amount of Internet press featuring the " Sorry Boys My Daddy Says I Can't Date Till' I'm 30", "I Like Shiny Things Just Like Mommy" marks and many other products

offered. This attention has helped make these products widely known throughout the United States as well as Australia, Canada, Indonesia, Malaysia, Japan, The Netherlands, New Zealand and The United Kingdom. These products have been featured on more than fifty (50) websites. The following represents a sample of such internet sites which have featured Plaintiff's products:        1) Foxnews.com 2) CelebrityBabyScoop.com 3) Droolicious.com 4) BabyElanDaily.com 5) Earnshaws.com E-blast 6) MommiesWithStyle.com 7) Kid's LAMagazine.com 8) Sodahead.com 9) AStayAtHomeMom.com 10) FeistyFrugal& Fabulous.com 11) I LikeItFrantic.com 12) KiddiesCornerDeals.com 13) My OrganizedChaos.com 14) PieceOfMe.com 15) PourSomeSugarOnMe.com 16) TheIEMommy.com 17) The OneFantastical.com 18) TheVeaterFamily.com 19) The Stir.com 20) DetroitMommies.com 21) ACouchWithAView.com 22) AKindredSpirit.com 23) And TwinsMake5.com 24) Designbaby.com 25) Hautemom.com 26) JabberingJessi.com 27) MonstersInMyHouse.com

The referenced websites receive visits ranging to nearly 250,000,000 visits. The Plaintiff and their registered mark have been so popular on the internet that many Google Alerts have been issued in connection to the " Sorry Boys My Daddy Says I Can't Date Till' I'm 30" mark in connection with the Urban Bratz products.

### d.  Plaintiff's  trade marks and copyrights have received  Television Press

Furthermore Plaintiff's products have been showcased on features on television news and entertainment shows including Fox Detroit News.

### e.   Plaintiff's trade marks and copyrights  are known by and used by  celebrities

Finally, the Plaintiff's " Sorry Boys My Daddy Says I Can't Date Till' I'm 30" and "I Like Shiny Things Just Like Mommy" products have achieved fame and notoriety by celebrities who have received these products as gifts from Urban Bratz, as well as from friends and family. The following represents a sample

of these celebrities: 1) Mario Lopez 2) Jennifer Lopez 3) Gwen Stefani 4) Ben Affleck 5) Angelina Jolie
6) The rock band Jane's Addiction (purchased by a friend for drummer's new baby) 7) Halle Berry 8)
Ashley Simpson 9) Torri Spelling. Upon heavily generated publicity in all of the above venues, it is
evident that Plaintiff's Registered Mark has become closely associated with Plaintiff and the Urban Bratz
brand.

## COUNT I
## COPYRIGHT INFRINGEMENT AGAINST ALL DEFENDANTS

55. Plaintiff realleges and incorporates by this reference each and every allegation set forth
    in paragraphs 1-54 herein for their First ground for relief.

56. That the Defendants infringed upon the plaintiff's February 2, 2010 copyright.

57. By reason of the foregoing, Defendants conduct has infringed Plaintiff copyright
    interest in the copyrighted work.

58. By reason of the foregoing Defendant's conduct has devalued the Plaintiff's
    copyrighted work.

59. That the activities of the Defendants in intentionally or negligently offering for sale,
    distributing, marketing, and/or publicly exhibiting articles of apparel that infringe the
    aforementioned copyright constitute willful acts of infringement.

60. This extensive and wide reaching infringement has and will continue to severely
    diminish the value of Plaintiff's work by the distribution of inferior copies of Plaintiff's
    unique design. By reason of the foregoing, Plaintiff has and will suffer irreparable
    damages to her business, reputation, and goodwill.

61. There is a likelihood of success on the merits as the Defendants had access to the Plaintiffs copyrighted design and the infringing design of the Defendant is substantially similar in a side by side comparison to the copyrighted protected design of the Plaintiff.

62. Defendant did not make an innocent mistake, in that after Defendant was exposed to the Plaintiff's copyright the plaintiff began to counterfeit the Plaintiff's copyright protected design and trademark capturing all of its essence.

63. Plaintiff is informed and believes, and on the basis alleges, that unless enjoined by this court, Defendant intends to continue its course of conduct and to wrongfully use, infringe upon, sell and otherwise profit from the copyrighted work.

64. As a direct and proximate result of the acts of defendants alleged above, Plaintiffs have already suffered irreparable damage.

65. Plaintiff has no adequate remedy at law to redress all of the injuries that Defendant has caused and intends to cause by its infringement and it's conduce.

66. Plaintiff will continue to suffer irreparable damage until Defendant's actions alleged above are enjoined by this Court.

67. The Defendants knowingly interfered with the Plaintiff's copyright in that the Defendants interfered with Plaintiff's reproduction rights by reproducing copies of the Plaintiff's copyrighted material of children and infant apparel.

68. The Defendants modified the Plaintiff's copyright without permission.

69. Defendants exercised distribution rights of the Plaintiff's copyrighted work without permission.

70. The Defendants publically displayed Plaintiff's copyrighted work without permission.

71. That each of the aforementioned invokes separate and distinct rights of action for reimbursement for infringing upon the Plaintiff's copyrighted material.

72. That the Plaintiff is entitled to out-of-pocket damages as of February 2, 2010.

73. That the Defendant Spencer Gifts Online LLC began selling the infringing apparel after the February 2, 2010 copyright was awarded to the Plaintiff.

74. That the Plaintiff is entitled to Statutory damages and attorney fees from Spencer Gifts Online LLC for their infringement as it occurred after the copyright was awarded to the Plaintiff.


**COUNT II**
**COPYRIGHT INFRINGEMENT AGAINST ALL DEFENDANTS**


75. Plaintiff realleges and incorporates by this reference each and every allegation set for the in paragraphs 1-74 herein for their Second ground for relief. (Plaintiff is not seeking statutory damages or attorney fees related to this count.)

76. That the Defendants have infringed upon the Plaintiff's copyright awarded to Plaintiff November 3, 2010   which contains the same original epigram and design as the February 2, 2010 copyright with a different human face.

77. That the Defendants infringed upon this copyright by utilizing the original epigram and design of the plaintiff's copyrights without the Plaintiff's permission.

78. That the Defendant Spencer Gifts LLC and their agents, subsidiaries were exposed to the Plaintiff's original epigram and design from E-mails the Plaintiff had sent them.

79. That the Defendants knew or should have known that the Plaintiff was the creator of the design and original epigrams.

## COUNT III
## TRADEMARK INFRINGEMENT AGAINST ALL DEFENDANTS

80. As a complete and Third ground for relief, Plaintiff hereby charges Defendants with infringement of U.S. Trademark  see exhibit L  attached hereto and incorporated herein,  under the trademark laws of the United States and, in particular, 15 U.S.C. § 1114, and Plaintiff realleges Paragraphs 1-79  of this Complaint as if fully set forth herein.

81. Notwithstanding Plaintiff's well known and prior-established rights in its Sorry Boys, my Daddy says I Can't Date 'Till I'm 30 trademark, and without the authorization of Plaintiff, Defendants have sold and distributed, in U.S. and International commerce, infant and children's apparel branded with the Sorry Boys, my Daddy says I Can't Date 'Till I'm 30 mark, which is confusingly similar to Plaintiff's Sorry Boys, my Daddy says I Can't Date 'Till I'm 30 trademark.

82. Defendants' use of the Sorry Boys, my Daddy says I Can't Date 'Till I'm 30 mark, without authorization from Plaintiff, is likely to cause confusion, mistake and/or deception as to the affiliation, connection and/or association with Plaintiff and its registered Sorry Boys, my Daddy says I Can't Date 'Till I'm 30 trademark, or as to the origin, sponsorship or approval of Defendants' products and services by Plaintiff, in violation of 15 U.S.C. § 1114, and infringes Plaintiff's trademark rights.

83. Defendants' infringement of Plaintiff's registered Sorry Boys, my Daddy says I Can't Date 'Till I'm 30 trademark is detrimental to the good will and business reputation symbolized by

Plaintiff's Sorry Boys, my Daddy says I Can't Date 'Till I'm 30 mark. All of the foregoing conduct by Defendants infringes Plaintiff's Sorry Boys, my Daddy says I Can't Date 'Till I'm 30 mark and causes Plaintiffs irreparable harm.

84. Defendants' acts alleged herein were committed willfully and with knowledge that such unauthorized trademark use would cause confusion, or cause mistake, or deceive purchasers to believe that Plaintiff sponsored, endorsed, or authorized Defendants' products and services. Thus, a finding of an exceptional case within the meaning of 15 U.S.C. § 1117 is warranted.

85. That forgoing acts of the Defendants have resulted in dilution to Plaintiff's trademark.


**COUNT IV**
**TRADEMARK INFRINGEMENT AGAINST TEE SHIRT CENTRAL INC.**

86. As a complete and Fourth ground for relief, , Plaintiff hereby charges Defendants with infringement of U.S. Trademark see exhibit attached hereto and incorporated herein, under the trademark laws of the United States and, in particular, 15 U.S.C. § 1114, and Plaintiff realleges Paragraphs 1-85 of this Complaint as if fully set forth herein

87. Notwithstanding Plaintiff's well known and prior-established rights in its "I like shiny things just like mommy" trademark, and without the authorization of Plaintiff, Defendant Tee Shirt Central have sold and distributed, in U.S. commerce, T-shirts branded with the "I like shiny things just like mommy" mark, which is confusingly similar to Plaintiff"s trademark.

88. Defendants' use of the "I like shiny things just like mommy" mark, without authorization from Plaintiff, is likely to cause confusion, mistake and/or deception as to the affiliation, connection and/or association with Plaintiff and its registered "I like shiny things just like mommy" trademark, or as to the origin, sponsorship or approval of Defendants' products and services by Plaintiff, in violation of 15 U.S.C. § 1114, and infringes Plaintiff's trademark rights.

89. Defendants' infringement of Plaintiff's registered "I like shiny things just like mommy" trademark is detrimental to the good will and business reputation symbolized by Plaintiff's "I like shiny things just like mommy" mark. All of the foregoing conduct by Defendants infringes Plaintiff's "I like shiny things just like mommy" mark and causes Plaintiffs irreparable harm.

90. Defendants' acts alleged herein were committed willfully and with knowledge that such unauthorized trademark use would cause confusion, or cause mistake, or deceive purchasers to believe that Plaintiff sponsored, endorsed, or authorized Defendants' products and services. Thus, a finding of an exceptional case within the meaning of 15 U.S.C. § 1117 is warranted.

91. That forgoing acts of the Defendant has resulted in dilution to Plaintiff's trade mark.

( See linesheet Exhibit M from Tee shirt Central)

## COUNT V
## FALSE DESIGNATION OF ORGIN ALL DEFENDANTS

92. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1- 91 for their Fifth ground for relief.

93. Plaintiff alleges that the defendants infringed upon their trademark Sorry Boys, my Daddy says I Can't Date 'Till I'm 30.

94. Defendants, while doing business in interstate commerce, have intentionally or negligently misrepresented the source of Defendant's products to actual and potential customers of Defendant's and to other third parties.

95. Defendants' wrongful conduct constitutes a violation of Section 43 (a) of the Lanham Act, 15 U.S.C. section 1125(a).

16

96. Plaintiffs have no adequate remedy at law for Defendant's wrongful conduct in that (i) if Defendant's wrongful conduct continues, consumers are likely to become further confused as to the source of the copyrighted work, (ii) Defendant's use constitutes an interference with Plaintiff's goodwill and reputation, and (iii) Defendant' s conduct, and the resultant damages to Plaintiff, are continuing.

97. That forgoing acts of the Defendants have resulted in dilution to Plaintiff's trademark.

98. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S. C. section 1116 (a).

99. Defendant has been guilty of oppression, fraud and malice in doing the things herein, by reason of which Plaintiff is entitled to damages for the sake of example and by way of punishing Defendants.

100.    Plaintiffs are also entitled to recover their attorney's fees and costs of suit pursuant to 15 U.S.C. Section 1117 (a)

## COUNT VI
## FALSE DESIGNATION OF ORGIN AGAINST TEE SHIRT CENTRAL INC.

101.    Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1- 100 for their Sixth ground for relief.

102.    Defendant Tee Shirt Central Inc., while doing business in interstate commerce, have intentionally or negligently misrepresented the source of Defendant's products to actual and potential customers of Defendants and to other third parties. ( See LINESHEET EXHIBIT M  which contains two of Plaintiff's  protected properties )

103.    In that the Defendant Tee Shirt Central infringed upon the Plaintiff's trademark "I Like Shiny Things Just Like Mommy."

104.    Defendant's wrongful conduct constitutes a violation of Section 43 (a) of the Lanham Act, 15 U.S.C. section 1125(a).

105.    Plaintiff s have no adequate remedy at law for Defendant's wrongful conduct in that (i) if Defendant's wrongful conduct continues, consumers are likely to become further confused as to the source of the copyrighted work, (ii) Defendant's use constitutes an interference with Plaintiff's goodwill and reputation, and (iii) Defendant's conduct, and the resultant damages to Plaintiff, are continuing.

106.    Accordingly, Plaintiffs are entitled to preliminary and permanent injunctive relief pursuant to 15 U.S. C. section 1116 (a).

107.    Defendant has been guilty of oppression, fraud and malice in doing the things herein, by reason of which Plaintiff is entitled to damages for the sake of example and by way of punishing Defendant.

108.    Plaintiffs are also entitled to recover their attorney's fees and costs of suit pursuant to 15 U.S.C. Section 1117 (a)


**COUNT VII**
**UNFAIR BUSINESS PRACTICES AGAINST ALL DEFENDANTS**

109.    As a complete and Seventh ground for relief, Plaintiff charges Defendants with unfair business practices in violation of laws of the State of Illinois as provided by the Illinois Consumer Fraud and Deceptive Business Practices Act 815 ILCS 505/1 *et seq.* and the common law, and realleges paragraphs 1-10 8 of this Complaint as if fully set forth herein.

18

110.     Defendants have promoted, advertised and sold branded with the Sorry Boys, my Daddy says I Can't Date 'Till I'm 30 mark, thereby causing a likelihood of confusion or of misunderstanding as to affiliation, connection or association with or certification by Plaintiffs, has passed off its products as those of Plaintiffs, and/or has engaged in other conduct which similarly creates a likelihood of confusion or misunderstanding.

111.     The Defendants sold the Sorry Boys, my Daddy says I Can't Date 'Till I'm 30 mark, for approximately one half the price the Plaintiffs had sold their authorized children apparel for.

112.     The foregoing unfair competition and deceptive acts and practices of Defendants with respect to the advertising, offering for sale, and sale of infant and children's apparel branded with the Sorry Boys, my Daddy says I Can't Date 'Till I'm 30 mark, have caused Plaintiffs to suffer irreparable harm and constitutes consumer fraud and deceptive trade practices in violation of the laws of the State of Illinois, and the common law, and are subject to the sanctions provided therein.

**COUNT VIII**
**UNFAIR BUSINESS PRACTICES AGAINST TEE SHIRT CENTRAL INC.**

113.     As a complete and Eighth ground for relief, Plaintiff charges Defendants Tee Shirt Central Inc. with unfair business practices in violation of laws of the State of Illinois as provided by the Illinois Consumer Fraud and Deceptive Business Practices Act 815 ILCS 505/1 *et seq.* and the common law, and realleges paragraphs 1-113 of this Complaint as if fully set forth herein.

114.     Defendant has promoted, advertised and sold branded with the " I like shiny things just like mommy" mark, for substantially less than the Plaintiff, thereby causing a likelihood

of confusion or of misunderstanding as to affiliation, connection or association with or certification by Plaintiffs, has passed off its products as those of Plaintiffs, and/or has engaged in other conduct which similarly creates a likelihood of confusion or misunderstanding.

115.     The foregoing unfair competition and deceptive acts and practices of Defendants with respect to the advertising, offering for sale, and sale of tee shirts branded with the " I like shiny things just like mommy" mark, have caused Plaintiffs to suffer irreparable harm and constitutes consumer fraud and deceptive trade practices in violation of the laws of the State of Illinois, and the common law, and are subject to the sanctions provided therein.

## COUNT IX
## DECEPTIVE TRADE PRACTICES  AGAINST ALL DEFENDNATS

116.     As a complete and Ninth  ground for relief, Plaintiffs charges Defendants with deceptive trade practices in violation of laws of the State of Illinois, as provided by the Illinois Uniform Deceptive Trade Practices Act 815 ILCS 510/1 *et seq.* and the common law, and realleges paragraphs 1-115 of this Complaint as if fully set forth herein.

117.     Defendants have used the Sorry Boys, my Daddy says I Can't Date 'Till I'm 30 mark in connection with the advertising, promotion and selling of infant and children's apparel, thereby causing a likelihood of confusion or of misunderstanding as to affiliation, connection or association with or certification by Plaintiffs, has passed off its products as those of Plaintiffs, and/or has engaged in other conduct which similarly creates a likelihood of confusion or misunderstanding.

118.     The foregoing unfair competition and deceptive acts and practices of Defendants with respect to the advertising, offering for sale, and sale of infant and children apparel branded with

the Sorry Boys, my Daddy says I Can't Date 'Till I'm 30 mark have caused, and will

continue to cause Plaintiffs to suffer irreparable harm and constitutes consumer fraud and

deceptive trade practices in violation of the laws of the State of Illinois and the common law,

and are subject to the sanctions provided therein.

119.     The Defendant Spencer gifts obtained exposure to the Plaintiff's designs and epigrams

under false pretenses with the intent to steal them instead of to do business with the Plaintiff.


### COUNT X
### DECEPTIVE TRADE PRACTICES AGAINST TEE SHIRT CENTRAL INC.

120.     As a complete and Tenth ground for relief, Plaintiffs charges Defendant Tee Shirt

Central Inc. with deceptive trade practices in violation of laws of the State of Illinois, as

provided by the Illinois Uniform Deceptive Trade Practices Act 815 ILCS 510/1 *et seq.* and the

common law, and realleges paragraphs 1-119 of this Complaint as if fully set forth herein.

121.     Defendant have used the " I like shiny things just like mommy" mark in connection

with the advertising, promotion and selling of infant and children's apparel , thereby causing a

likelihood of confusion or of misunderstanding as to affiliation, connection or association with

or certification by Plaintiffs, has passed off its products as those of Plaintiffs, and/or has

engaged in other conduct which similarly creates a likelihood of confusion or

misunderstanding.

122.     The foregoing unfair competition and deceptive acts and practices of Defendants with

respect to the advertising, offering for sale, and sale of infant and children's apparel branded

with " I like shiny things just like mommy" mark have caused, and will continue to cause

Plaintiffs to suffer irreparable harm and constitutes consumer fraud and deceptive trade

practices in violation of the laws of the State of Illinois and the common law, and are subject to

the sanctions provided therein.

**COUNT XI**

**UNFAIR COMPETITION, ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT AGAINST ALL DEFENDANTS**

123.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1-122 for their Eleventh ground for relief.

124.     The foregoing acts of Defendants constitute unfair competition in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505 et seq.).

125.     Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled as a result of their unfair competition.

126.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court

127.     Defendants acts have damaged and will continue to damage the Plaintiff and Plaintiff has no adequate remedy at law.

128.     The Plaintiff is entitled to damages as a result of the violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505 et seq.).

129.     Damages alone will not provide an adequate remedy to stop the Defendant from infringing.

## COUNT XII

### (COMMON LAW UNFAIR COMPETITION) AGAINST ALL DEFENDANTS

130.    The Plaintiff repeats and realleges the allegations set forth in paragraphs 1-129 for their twelfth ground for relief.

131.    The foregoing acts of the Defendants constitute unfair competition in violation of the common law of the state of Illinois.

132.    The foregoing acts of Defendants constitute unfair competition in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505 et seq.).

133.    Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled as a result of their unfair competition.

134.    Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

135.    Defendants acts have damaged and will continue to damage the Plaintiff and Plaintiff has no adequate remedy at law.

136.    The Defendant Spencer gifts obtained exposure to the Plaintiff's designs and epigrams under false pretenses with the intent to steal them instead of to do business with the Plaintiff.

137.    The Plaintiff is entitled to damages as a result of the violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505 et seq.).

138.    Damages alone will not provide an adequate remedy to stop the Defendant from infringing

## COUNT XIII

## (UNJUST ENRIGHMENT)  AGAINST ALL DEFENDANTS

139.     The Plaintiff repeats and realleges the allegations set forth in paragraphs 1-138 for their

thirteenth ground for relief.

140.     The acts complained of above constitute unjust enrichment of the Defendants at the

Plaintiffs expense, in violation of the common law of the state of Illinois.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs demand a jury trial and judgment in their favor and against

the Defendants jointly and severally, as follows:

A. For preliminary and permanent injunctive relief as provided by 15 U.S.C. section

1118 preventing Defendants and their agents servants, employees, attorneys,

representatives, successors and assigns, and all persons, firms or corporations

acting in active concert or participation with any of Defendants from:

B. Directly or indirectly infringing upon any of Plaintiff's copyrighted and trademark

protected materials including but not limited to using the confusingly similar

designations or designs " Sorry Boys" in connection with products sponsored by or

affiliated with Defendants,

C. Consenting to or otherwise allowing any distributor selling any Defendants' products from directly or indirectly infringing upon any of Plaintiffs Copyrighted and trademarked material.

D. Using any copyrighted or trademarked material which tend to falsely represent, or which are likely to confuse, mislead or deceive purchasers, Defendants customers and or members of the public that the unauthorized goods and or products marketed, offered or advertised by Defendants originate from Plaintiff or that any such goods and or products are sponsored, approved and or licensed by and or associated, connected or affiliated with Plaintiff

E. Engaging in any conduct that tends to falsely to represent or is likely to confuse, mislead or deceive purchasers, customers and or members of the public to believe or conclude that the actions of Defendants are sponsored, approved, and or licensed by and or connected or affiliated with Plaintiff.

F. Otherwise competing unfairly with Plaintiff.

G. For an award of damages against Defendants in the amount of Defendant's profits plus actual damages sustained by Plaintiffs for defendant's wrongful acts as well as unfair competition in the amount according to the proofs believed to be in excess of one million dollars.

H. As provided in15 U.S.C. section 1116 and 1117 for an award to Plaintiffs and against Defendants, jointly and severally, of injunctive relief and damages in the amount of three times defendants profits and damages sustained by Plaintiff, plus Plaintiff's attorney fees and expenses on those claims asserted pursuant to 15 U.S. C. 1125 (a).

I.   For an award of attorney fees

J.   For an award of exemplary and punitive damages in the sum of Six Million dollars.

K.   For the Defendants to provide a complete accounting for the sale of apparel
     utilizing the infringing, copyrighted and trademarked design and epigrams of the
     Plaintiff.

L.   For such other and further relief the court deems fair and equitable upon the
     premises.

Respectfully submitted,

By: */s/ Ronald L. Bell*_____

Ronald L. Bell

Ronald L. Bell & Associates P.C.
Attorney for the Plaintiffs
1275 Barclay Blvd. Suite 100
Buffalo Grove, IL. 60089
847 495-6000
Atty Code: 03126822