**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

HEATHER DANIELS,
URBAN BRATZ, LLC, a California Limited
Liability Company,

        Plaintiff,

        v.

SPENCER GIFTS, LLC  a Delaware Limited
Liability Company, et al.and TEE SHIRT
CENTRAL, INC.

    Defendants/Counterclaim Plaintiffs
        **v.**
HEATHER DANIELS, and
URBAN BRATZ, LLC

Counterclaim Defendants.

Civil Action No. 10-CV-05345

**ANSWER TO FIRST AMENDED COMPLAINT
AND AFFIRMATIVE DEFENSES ON BEHALF OF DEFENDANT, TEE SHIRT
CENTRAL, INC. AND COUNTERCLAIMS AGAINST HEATHER DANIELS AND
URBAN BRATZ, LLC**

    Defendant, Tee Shirt Central, Inc., ( "Tee Shirt Central"), by its undersigned

counsel, answers the First Amended Complaint ("Amended Complaint") as follows:

**GENERAL ALLEGATIONS**

    21.    Plaintiff Heather Daniels is an Illinois Resident.

    **RESPONSE**:    Tee Shirt Central is without knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of

the Amended Complaint and so denies the same and leaves Plaintiffs to their proofs.

    22.    Plaintiff Urban Bratz, LLC is a California Limited Liability Corporation.

**RESPONSE:**          Admitted.

23.     Defendants Spencer Gifts, LLC and Spencer Gifts, LLC dba Dappy and Glow Store, are Delaware Limited Liability companies.

**RESPONSE:**          Tee Shirt Central is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of the Amended Complaint and so denies the same and leaves Plaintiffs to their proofs.

24.     Defendant Spencer Gifts LLC is a Delaware Limited Liability company, doing business in the Northern District of Illinois and whose corporate headquarters are located at 6826 Black Horse Pike, Egg Harbor Township, New Jersey, 08234.

**RESPONSE:**          Tee Shirt Central is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of the Amended Complaint and so denies the same and leaves Plaintiffs to their proofs.

5.     Defendant Spencer Gifts Holding LLC is a Delaware Limited Liability Company doing business in the Northern District of Illinois and whose corporate headquarters are located at 6826 Black Horse Pike, Egg Harbor Township, New Jersey, 08234.

**RESPONSE:**          Tee Shirt Central is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of the Amended Complaint and so denies the same and leaves Plaintiffs to their proofs.

6.     Defendants Spencer Gifts Online, LLC, is a Delaware Limited Liability Company, doing business in the Northern District of Illinois, and whose corporate headquarters are located at 6826 Black Horse Pike, Egg Harbor Township, New Jersey 08234.

**RESPONSE:** Tee Shirt Central is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of the Amended Complaint and so denies the same and leaves Plaintiffs to their proofs.

7. Defendant Tee Shirt Central Inc. a Florida corporation hereinafter referred to as Tee Shirt Central was the printer of the infringing apparel.

**RESPONSE:** Admitted in part; denied in part. Tee Shirt Central admits that it is a Florida corporation. Tee Shirt Central denies that it printed infringing apparel.

8. Defendants Spencer Gifts, LLC, Spencer Gifts Holding LLC, and Spencer Gifts Online LLC, conduct business within the jurisdiction of the Northern District of Illinois and maintain stores and/or websites doing business throughout the Chicagoland metropolitan area in Illinois, including Cook and Lake counties.

**RESPONSE:** Tee Shirt Central admits that Spencer Gifts LLC conducts business throughout the United States (including the Northern District of Illinois) and that it maintains stores in Cook and Lake counties. Except to the extent admitted, the allegations of Paragraph 8 of the Amended Complaint are denied.

## JURISDICTION AND VENUE

9. This is a civil action arising under the Copyright Act and the Lanham Act. Accordingly, this court has federal question jurisdiction over the subject matter of this action pursuant to 17 U.S.C. Sections 101, et.seq., 15 U.S.C. Sections 45, 1121 and 28 U.S.C., Sections 1331 and 1338(a) and (b). The court has supplemental jurisdiction over the pendant state law claims pursuant to the principles of supplemental jurisdiction contained in 28 U.S.C. Sections 1367(a). Defendant Spencer Gifts, LLC admitted in the filed pleadings that Venue was appropriate.

**RESPONSE:** Tee Shirt Central admits that this Court has jurisdiction over the subject matter of the action because it transacts business in the jurisdiction. Tee Shirt Central denies that Plaintiffs have asserted or can assert valid claims under the Copyright Act, the Lanham Act or under Illinois state law.

10. Venue is proper in this judicial district under 28 U.S.C. Section 1391(b) in that the actions complained of herein are occurring in this district, and the Defendants may be found in this District under 28 U.S.C. Section 1400(a).

**RESPONSE:** Tee Shirt Central admits that venue is proper in this District with respect to Tee Shirt Central pending discovery from Plaintiffs that may reveal (among other things) that Plaintiff, Heather Daniels, is a resident of California.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

11. Plaintiff is a graphic designer, and is the owner of Urban Bratz, LLC a California Limited Liability company specializing in the sale of children and infant apparel with original graphic designs.

**RESPONSE:** Tee Shirt Central is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of the Amended Complaint and so denies the same and leaves Plaintiffs to their proofs.

12. Plaintiffs have been successful in the sale and marketing of their original apparel in over 100 stores throughout the world carrying their line of clothing, since Urban Bratz LLC began business on January 13, 2009.

**RESPONSE:** Tee Shirt Central is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of the Amended Complaint and so denies the same and leaves Plaintiffs to their proofs.

13.     Plaintiff has created a website on or about January 2009 where the original graphic designs are marketed and sold.

**RESPONSE:**     Tee Shirt Central is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of the Amended Complaint and so denies the same and leaves Plaintiffs to their proofs.

14.     On or about November 11, 2008 the Plaintiff Heather Daniels created an original graphic design entitled "Sorry Boys, my Daddy says I Can't Date 'Till I'm 30."  A true and correct copy of the copyrighted work is attached hereto and marked as Exhibit A.

**RESPONSE:**     Tee Shirt Central admits that Plaintiffs have attached to the Amended Complaint a copy of the graphic design entitled "Sorry Boys, my Daddy says I Can't Date 'Till I'm 30."  Tee Shirt Central asserts that the document speaks for itself.  Except to the extent expressly admitted, Tee Shirt Central is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 14 of the Amended Complaint and so denies the same and leaves Plaintiffs to their proofs.  By way of further answer, (and without limitation) Tee Shirt Central denies that Plaintiff, Heather Daniels, "created an original graphic design entitled 'Sorry Boys, my Daddy says I Can't Date 'Till I'm 30'" because (without limitation) the figure contained in the design was not original but is clip art and the alleged slogan was used by others and within the public domain well before the alleged date of creation on the February 2, 2010 copyright registration.

15.     The copyrighted work, Exhibit A, attached hereto and incorporated by reference is the subject of United States Copyright office Certificate of Registration No. VA-1-698-384 issued to Plaintiff Heather Daniels on February 2, 2010.  A true and correct copy of the Certificate of Copyright is attached hereto and Marked as Exhibit "B".

**RESPONSE:** Tee Shirt Central admits that Plaintiffs have attached to the Amended Complaint what they aver to be a copy of a U.S. Copyright registration certificate for "Sorry Boys, my Daddy says I Can't Date 'Til I'm 30." Tee Shirt Central avers that the document speaks for itself. Except to the extent expressly admitted, Tee Shirt Central is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 15 of the Amended Complaint and so denies the same and leaves Plaintiffs to their proofs. By way of further answer, (and without limitation) Tee Shirt Central denies that the claimed copyright and the registration dated February 2, 2010 are valid because (without limitation) Plaintiff, Heather Daniels, failed to disclose that she had used clip art for the drawing of the male human figure in the work and an unoriginal slogan which had been employed previously by others.

16. That on November 3, 2010 the Plaintiff was awarded another copyright, which the copyright office recognized as containing text, 2-D artwork, and an original epigram with a hand-drawn human figure. A true and correct copy of the certificate of copyright is attached hereto and made a part hereof as exhibit J.

**RESPONSE:** Tee Shirt Central admits that Plaintiffs have attached to the Amended Complaint what they aver to be a copy of a second U.S. Copyright registration certificate for a work identified as "Sorry Boys, my Daddy says I Can't Date 'Till I'm 30." Tee Shirt Central avers that the document speaks for itself. Except to the extent expressly admitted, Tee Shirt Central is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 16 of the Amended Complaint and so denies the same and leaves Plaintiffs to their proofs. By way of further answer, (and without limitation), Tee Shirt Central denies that the copyright and the registration dated November 3,

2010 are valid because (without limitation) Plaintiff, Heather Daniels: (1) failed to disclose in the previous registration that she had used clip art to design the drawing of the original male human figure; and (2) failed to disclose that the saying ("Sorry Boys, my Daddy says I Can't Date 'Till I'm 30" ) was not original, and made other false representations in the application for registration.

17.     That the November 3, 2010 copyright was first created in 2008 and the registration number is VAu-043-680.  See exhibit J consisting of the certificate and original design.

**RESPONSE:**        Tee Shirt Central admits that Plaintiffs have attached to the Amended Complaint what they aver to be a copy of a U.S. Copyright registration certificate for "Sorry Boys, my Daddy says I Can't Date 'Till I'm 30."  Tee Shirt Central avers that the document speaks for itself.  Except to the extent expressly admitted, Tee Shirt Central is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 17 of the Amended Complaint and so denies the same and leaves Plaintiffs to their proofs.  By way of further answer, (and without limitation) Tee Shirt Central denies that the copyright and the registration dated November 3, 2010 are valid because (without limitation) Plaintiff, Heather Daniels: (1) failed to disclose that she had used clip art to design the drawing of the male human figure in the original work; and (2) failed to disclose that the saying ("Sorry Boys, my Daddy says I Can't Date 'Till I'm 30" ) was not original.

18.     That both copyrighted works contain the same original epigram text, design, and trade mark, belonging to the plaintiff.

**RESPONSE:**        The allegations of Paragraph 18 of the Amended Complaint are denied.

19.     Since the creation of the works that are the subject of the copyrights Plaintiff has continued to comply with provisions of the Copyright Act with respect to the copyright.

**RESPONSE:**          Tee Shirt Central is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of the Amended Complaint and so denies the same and leaves Plaintiffs to their proofs.

20.     Plaintiff continues to be the sole proprietor of all right, title and interest in and to the copyrighted works.

**RESPONSE:**          Tee Shirt Central is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of the Amended Complaint and so denies the same and leaves Plaintiffs to their proofs.  By way of further answer, the allegations contained in Paragraph 20 of the Amended Complaint constitute conclusions of law to which no response is required.

21.     Plaintiff markets the copyrighted work through her company, Urban Bratz LLC.

**RESPONSE:**          Tee Shirt Central is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of the Amended Complaint and so denies the same and leaves Plaintiffs to their proofs.

22.     Plaintiff has never conveyed any right, title or interest in or to the copyrighted work to any other person.

**RESPONSE:**          Tee Shirt Central is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of the Amended Complaint and so denies the same and leaves Plaintiffs to their proofs.

23.     Plaintiff has never released the copyrighted works into the public domain.

**RESPONSE:**     Tee Shirt Central is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 of the Amended Complaint and so denies the same and leaves Plaintiffs to their proofs.  By way of further answer, Tee Shirt Central denies that the Plaintiffs' works bear valid copyrights.

24.     In the marketing of her copyrighted work, on or about March 23, 2009, the Plaintiff contacted the Defendants, Spencer Gifts, LLC through Cori Totoro, Associate Buyer, of Defendants by E-Mail, informing her of Urban Bratz and product submission inquiring if Defendants would be interested in carrying Plaintiff's T-shirts and giving Defendants access to view Plaintiff's line of apparel by directing Defendants to Plaintiff's Website www.Urban-bratz.com.  See Exhibit C attached hereto and incorporated by reference the E-Mail dated March 23, 2009 to Cori Totoro.

**RESPONSE:**     Tee Shirt Central is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24 of the Amended Complaint and so denies the same and leaves Plaintiffs to their proofs.

25.     That Cori Totoro opened the E-Mail sent by the Plaintiff and had access to the Plaintiff's copyrighted materials for Spencer's consideration to carry the Urban Bratz line. See exhibit D.

**RESPONSE:**     Tee Shirt Central is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 of the Amended Complaint and so denies the same and leaves Plaintiffs to their proofs.

9

26. Having already misappropriated the copyrighted material of Urban Bratz, Spencer's employee, Cori Totoro requested additional copyrighted material from Urban Bratz on February 9, 2010. See Group Exhibit C.

**RESPONSE:** Tee Shirt Central is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 26 of the Amended Complaint and so denies the same and leaves Plaintiffs to their proofs.

27. That Roseanne Seger, employed by the Defendants as Chief or Senior Buyer, was forwarded by Cori Totoro the E-Mail of March 23, 2009 sent by the Plaintiff for her consideration for Defendants to carry the Plaintiff's line of apparel. See Exhibit C.

**RESPONSE:** Tee Shirt Central is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 27 of the Amended Complaint and so denies the same and leaves Plaintiffs to their proofs.

28. Defendant's interest in Plaintiff's designs were not for legitimate reasons rather they were for counterfeiting.

**RESPONSE:** Tee Shirt Central denies the allegations contained in Paragraph 28 of the Amended Complaint.

29. The Defendants also had access to the Plaintiff's copyrighted material in that it was published on June 2009 in Kids LA Magazine and on various blogs from June 2009 through January 2010. See attached Exhibit E.

**RESPONSE:** Tee Shirt Central admits that Plaintiffs have attached to the Amended Complaint what they aver to be copies of magazine articles and various blogs regarding what they aver to be Plaintiffs' copyrighted material. Tee Shirt Central avers that these documents speak for themselves. Except to the extent expressly admitted, Tee Shirt Central is

without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 of the Amended Complaint and so denies the same and leaves Plaintiffs to their proofs.  By way of further answer, (and without limitation) Tee Shirt Central denies that the original and subsequent copyright registrations (dated February 2, 2010 and November 3, 2010, respectively) are valid and denies that Plaintiff has any enforceable copyright right in the clip art and common slogan Plaintiff has attempted to take from the public domain.

30.     The Defendants copied the Plaintiff's design, and has been selling infant and children's apparel with the Plaintiff's copyrighted design, in their retail stores and on line in their web site.  That said actions infringe on the copyright which the Plaintiff owns.  See exhibit F attached hereto and incorporated by reference the Defendants infringing design.

**RESPONSE:**          Tee Shirt Central specifically denies that it copied Plaintiffs' alleged design, that it has been selling T-shirts with the Plaintiffs' alleged design, and that it has infringed on any copyrights the Plaintiffs may own.  Tee Shirt Central designed a T-shirt and sold it to Spencer Gifts.  The T-shirt designed by Tee Shirt Central and sold by Spencer Gifts will be referred to as "the Spencer Sorry Boys T-shirt".  By way of further answer, the "Spencer Sorry Boys T-shirt" has a different design from the Plaintiffs' Sorry Boys T-shirt.

31.     That one location in which this infringing design and trademark on apparel was sold was in the Spencer's retail store in Vernon Hills Illinois, within this District Courts Jurisdiction.  See attached Exhibit G receipt for purchase of the garment.

**RESPONSE:**          Tee Shirt Central specifically denies that the design of the Spencer T-shirt is infringing.  Tee Shirt Central admits that Plaintiffs have attached to the Amended Complaint what they aver to be a copy of a receipt of the Plaintiffs' purchase at a

11

Spencer Gifts' store in Vernon Hills, Illinois. Tee Shirt Central avers that this document speaks for itself. Except to the extent expressly admitted, Tee Shirt Central is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 31 of the Amended Complaint and so denies the same and leaves Plaintiffs to their proofs.

32. That the Defendant Spencers admitted in discovery that Tee Shirt Central Inc printed all their "Sorry Boys" children apparel.

**RESPONSE:** Tee Shirt Central denies the allegations contained in Paragraph 32 of the Amended Complaint.

33. That a true and correct copy of the Defendants' web page offering the infringing design on a T-shirt is attached as Exhibit H.

**RESPONSE:** Tee Shirt Central specifically denies that the design of the Spencer T-shirt it has sold is infringing. Tee Shirt Central admits that Plaintiffs have attached to the Complaint what they aver to be a copy of a webpage from Spencer Gifts' website. Tee Shirt Central avers that this document speaks for itself. Except to the extent expressly admitted, Tee Shirt Central is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 33 of the Amended Complaint and so denies the same and leaves Plaintiffs to their proofs.

34. The infringing T-shirt Exhibit F bears substantially the same design as the Plaintiff's exhibit A which is Plaintiff's twice copyrighted work. See Exhibit I for comparison.

**RESPONSE:** Tee Shirt Central specifically denies that the design of the Spencer T-shirt is infringing. Tee Shirt Central further denies that Plaintiff has any valid copyright right claim in the work she alleges is infringed.

12

35.     That Tee Shirt Central was disclosed by the Defendant in discovery as the Printer and supplier of the infringing material the Defendant marketed and sold which contained the essence of Plaintiff's copyrights and trademarks.

**RESPONSE:**          Tee Shirt Central admits that it supplied to Spencer Gifts the Spencer T-shirt.  Tee Shirt Central specifically denies that the design of the Spencer T-shirt is infringing and denies that the T-shirt contains the "essence" of the clip art Plaintiff has used.  Tee Shirt Central further denies that Plaintiff has any right in the common slogan which appears on the shirts of the parties and on shirts offered by various entities since well before Plaintiff's alleged first creation of the design in which copyright is improperly claimed and asserted.

36.     That upon review of Defendant's discovery it was discovered that Tee Shirt Central also took and infringed upon the Plaintiff's trademark "I like shiny things just like mommy."

**RESPONSE:**          Tee Shirt Central is without knowledge or information as to what investigation, if any, Plaintiffs engaged in before naming Tee Shirt Central as a defendant in this action.  Tee Shirt Central denies the remaining allegations contained in Paragraph 36 of the Amended Complaint.

37.     Neither the Plaintiffs nor anyone authorized by them has at any time licensed Defendants to reproduce, advertise, distribute, sell exhibit, or otherwise deal in the copyrighted and trademarked work whether on T-shirts or any other article.

**RESPONSE:**          Tee Shirt Central denies the allegations contained in Paragraph 37 of the Amended Complaint.

38.     The Plaintiff's T-shirts on average sell throughout the country for approximately $24.00 the Defendants infringing design and trademark T-shirt sold for $12.99.

The Plaintiff's infant apparel on average sells throughout the country for approximately $22.00, the Defendant's infringing design and trademark sells for $14.99.

**RESPONSE:** Tee Shirt Central specifically denies that the design of the Spencer T-shirt it is infringing. Tee Shirt Central admits that it sold the T-shirt to Spencer Gifts for subsequent sale. Except to the extent expressly admitted, Tee Shirt Central is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 38 of the Amended Complaint and so denies the same and leaves Plaintiffs to their proofs.

39. The Defendants counterfeited the Plaintiff's unique design in "Sorry Boys" copyrights and essence in violation of the copyright and trademark acts, without Plaintiff's consent and authority, and marketed it at a cheaper amount to obtain an unfair market advantage.

**RESPONSE:** Tee Shirt Central denies the allegations contained in Paragraph 39 of the Amended Complaint.

40. The Defendants mass marketed this unique boutique item "Sorry Boys" at a lower price thereby devaluing the Plaintiff's copyrighted and trademarked protected design.

**RESPONSE:** Tee Shirt Central denies the allegations contained in Paragraph 40 of the Amended Complaint.

41. The Defendants had access to the Plaintiff's design and original epigram from the March 23, 2009 E-Mail attached as Exhibit C inviting the Defendants buyer to view the designs of the Plaintiff as a marketing inquiry if Defendant's would be interested in selling Plaintiff's apparel in the Defendant's store.

14

**RESPONSE:**        Tee Shirt Central admits that Plaintiffs have attached to the Amended Complaint what they aver to be a copy of a March 23, 2009 email sent by the Plaintiffs to Spencer Gifts.  Tee Shirt Central avers that the document speaks for itself.  Except to the extent expressly admitted, Tee Shirt Central is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 41 of the Amended Complaint and so denies the same and leaves Plaintiffs to their proofs.

42.    Plaintiff was unaware at the time the good faith solicitation for sales was made that Spencer consists of a group that often times does not pay for the wares and designs of others but instead once exposed to the copyrighted and trademarked designs instead steals same for their own pecuniary gains.

**RESPONSE:**        Tee Shirt Central denies the allegations contained in Paragraph 42 of the Amended Complaint.

43.    Plaintiff has since discovered that Defendant has been sued many times for copyright as well as trademark infringement:

a.    Lewis Galoob Toys v. Spencer Gifts LLC 1995 87-1231

b.    Sean Moorman v. Spencer Gifts LLC 207

c.    Tuni & G v. Spencer Gifts LLC 2008 C V 0410

d.    Olander enterprises Inc. V. Spencer Gifts LLC 2009 Cv. 01372

**RESPONSE:**        Tee Shirt Central is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 43 of the Amended Complaint and so denies the same and leaves Plaintiffs to their proofs. .

44.    That the Defendants have a pattern of conduct of counterfeiting , stealing and infringing upon the copyright and trademarks of others and selling same at a reduced price to

15

obtain an unfair market advantage in disregard of the rights of the lawful holder of the copyright and trademarks.

      **RESPONSE:**      Tee Shirt Central denies the allegations contained in Paragraph 44 of the Amended Complaint.

      45.      That all of the Defendants sold their "Sorry Boys" children apparel for less than the Plaintiff.

      **RESPONSE:**      Tee Shirt Central denies the allegations contained in Paragraph 45 of the Amended Complaint.

      46.      The Defendants attempt to put superficial changes in the design that Defendants were marketing was a superficial attempt to conceal or avoid copyright and trademark infringement charges.

      **RESPONSE:**      Tee Shirt Central denies the allegations contained in Paragraph 46 of the Amended Complaint.

      47.      The Defendants design with a pipe in the father's mouth, or a superficial font change in a letter does not change the character or essence of the design to differentiate it from the Plaintiff's original copyrighted design.  See Exhibit I for comparison.

      **RESPONSE:**      Tee Shirt Central denies the allegations contained in Paragraph 47 of the Amended Complaint and (without limitation) specifically denies that the clip art image in the Plaintiff's asserted work is the same as the different clip art image which appears on the shirt sold by Spencer Gifts.  Tee Shirt Central further specifically denies (without limitation) that Plaintiff is entitled to any claim of authorship right in the slogan first used by others and still used by others in an ornamental manner.

48.     The essence of the Plaintiff's copyrighted design and original epigram is in the version used by the Defendants so much so that if you lay one over the other it is in the exact same order.

**RESPONSE:**          Tee Shirt Central denies the allegations of Paragraph 48 of the Amended Complaint.

49.     The superficial design change by Defendants of adding a pipe to the father and a font change has caused and will continue to cause confusion in the market place in violation of the trademark Act.  (See Exhibit K Blog).

**RESPONSE:**          Tee Shirt Central denies the allegations of Paragraph 49 of the Amended Complaint.

50.     The Design changes as superficial as they are is an infringement upon Plaintiff's copyrights as no permission was given to the Defendants to make any design change to the Plaintiff's copyrights.

**RESPONSE:**          Tee Shirt Central denies the allegations of Paragraph 50 of the Amended Complaint.

51.     The Plaintiff's original copyrighted work and the Defendant's counterfeited copied work are substantially the same.

**RESPONSE:**          Tee Shirt Central denies the allegations of Paragraph 51 of the Amended Complaint.

52.     Defendants have approximately 766 stores in the United States in which the T-shirt and infant apparel "Sorry Boys" containing the Plaintiff's copyrighted and trademark design was sold.

**RESPONSE:** Tee Shirt Central is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 52 of the Amended Complaint and so denies the same and leaves Plaintiffs to their proofs.

53. The Defendants have other stores in Canada and the U.K. and upon information and belief in other countries in which the T-Shirt "Sorry Boys" containing the Plaintiff's copyrighted and trademark design was sold.

**RESPONSE:** Tee Shirt Central is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 53 of the Amended Complaint and so denies the same and leaves Plaintiffs to their proofs.

54. Plaintiff has spent a great deal of effort and time promoting her trademarks and copyrights so that it has become identified with her brand Urban Bratz line of children apparel. In that:

a. Plaintiffs have received much press and notoriety: Plaintiff's advertisements, reviews, promotions and products have been featured in numerous magazine articles, Internet blog websites, and televisions news spots and have been featured with celebrities such as Mario Lopez from Dancing With The Stars. See a sampling from Plaintiff's press features attached herein as Exhibit E. In fact with all of this exposure of plaintiff's products, much attention and fame has been brought to the Plaintiff's Urban Bratz brand and the registered marks. Plaintiff has further made it a requirement for all advertisers and features of it's products to list the "Urban Bratz" mark in connection with all featured or advertised products, which connects ownership of it's brand with it's products including those containing the "Sorry Boys My Daddy Says I Can't Date Till' I'm 30" and "I Like Shiny Things Just Like Mommy" mark. Furthermore, a majority of the press featuring Plaintiff, focuses on the fact that

Plaintiff is well known for its "Sorry Boys My Daddy Says I Can't Date Till' I'm 30" products. Specifically, the Plaintiff's products, which bear the Registered Mark, have been featured on the following:

**b.** **Plaintiff's trademarks and copyrights have been published in Magazine and Print:**

The Plaintiff's "Sorry Boys My Daddy Says I Can't Date Till' I'm 30" and other products have been featured in numerous magazine and print brochures and have become widely known throughout the United States. The following represents some of the featured articles: 1). Kid's LA Magazine (reaching 20,000 readers monthly) 2.) Low County Parent Magazine (reaching 41,000 readers monthly) 3) Earnshaw's Magazine (Multiple issues)

**c.** **Plaintiff's trademarks and copyrights have received Online Press**

Plaintiff has also received a very large amount of Internet press featuring the "Sorry Boys My Daddy Says I Can't Date Till' I'm 30", "I Like Shiny Things Just Like Mommy" marks and many other products offered. This attention has helped make these products widely known throughout the United States as well as Australia, Canada, Indonesia, Malaysia, Japan, The Netherlands, New Zealand and The United Kingdom. These products have been featured on more than fifty (50) websites. The following represents a sample of such internet sites which have featured Plaintiff's products: 1) Foxnews.com 2) CelebrityBabyScoop.com

3) Droolicious.com 4) BabyElanDaily.com 5) Earnshaws.com E-blast

6) MommiesWithStyle.com 7) Kid's LA Magazine.com 8) Sodahead.com

9) AStayAtHomeMom.com 10) FeistyFrugal&Fabulous.com 11) ILikeItFrantic.com

12) KiddiesCornerDeals.com 13) MyOrganizedChaos.com 14) PieceOfMe.com

15) PourSomeSugarOnMe.com 16) TheIEMommy.com 17) The OneFantistical.com

18) TheVeaterFamily.com 19) The Stir.com 20) DetroitMommies.com

21) ACouchWithAView.com 22) AKinderedSpirit.com 23) And TwinsMake5.com

24) Designbaby.com 25) Hautemom.com 26 JabberingJessi.com 27 MonstersInMyHouse.com The referenced websites receive visits ranging to nearly 250,000,000 visits.  The Plaintiff and their registered mark have been so popular on the internet that many Google Alerts have been issued in connection to the "Sorry Boys My Daddy Says I Can't Date Till I'm 30" mark in connection with the Urban Bratz products.

### d. **Plaintiff's trademarks and copyrights have received Television Press**

Furthermore Plaintiff's products have been showcased on features on television news and entertainment shows including Fox Detroit News.

### e. **Plaintiff's trademarks and copyrights are known by and used by celebrities**

Finally, the Plaintiff's "Sorry Boys My Daddy Says I Can't Date Till' I'm 30" and "I Like Shiny Things Just Like Mommy" products have achieved fame and notoriety by celebrities who have received these products as gifts from Urban Bratz, as well as from friends and family.  The following represents a sample of these celebrities:  1) Mario Lopez 2) Jennifer Lopez 3) Gwen Stefani 4) Ben Affleck 5) Angelina Jolie 6) The rock band Jane's Addiction (purchased by a friend for drummer's new baby) 7) Halle Berry 8) Ashley Simpson 9) Tori Spelling.  Upon heavily generated publicity in all of the above venues, it is evident that Plaintiff's Registered Mark has become closely associated with Plaintiff and the Urban Bratz brand.

**RESPONSE:** Tee Shirt Central is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 54 of the Amended Complaint, including all sub-paragraphs, and so denies the same and leaves Plaintiffs to their proofs.  Tee Shirt Central specifically denies that Plaintiffs have had any sales or

advertising on any impact sufficient to establish rights in clip art and a common slogan first and widely used by others and used by Plaintiffs and others in an ornamental manner.

## COUNT I

## COPYRIGHT INFRINGEMENT AGAINST ALL DEFENDANTS

55.     Plaintiff realleges and incorporates by this reference each and every allegation set forth in paragraphs 1-54 herein for their First ground for relief.

**RESPONSE:**          Tee Shirt Central incorporates by reference its responses to all preceding paragraphs of the Amended Complaint as if fully set forth herein.

56.     That the Defendants infringed upon the plaintiff's February 2, 2010 copyright.

**RESPONSE:**          Tee Shirt Central denies the allegations contained in Paragraph 56 of the Amended Complaint.

57.     By reason of the forgoing, Defendants conduct has infringed Plaintiff copyright interest in the copyrighted work.

**RESPONSE:**          Tee Shirt Central denies the allegations contained in Paragraph 57 of the Amended Complaint.

58.     By reason of the foregoing Defendant's conduct has devalued the Plaintiff's copyrighted work.

**RESPONSE:**          Tee Shirt Central denies the allegations contained in Paragraph 58 of the Amended Complaint.

59.     That the activities of the Defendants in intentionally or negligently offering for sale, distributing, marketing, and/or publicly exhibiting articles of apparel that infringe the aforementioned copyright constitute willful acts of infringement.

**RESPONSE:** Tee Shirt Central denies the allegations contained in Paragraph 59 of the Amended Complaint.

60. This extensive and wide reaching infringement has and will continue to severely diminish the value of Plaintiff's work by the distribution of inferior copies of Plaintiff's unique design. By reason of the foregoing, Plaintiff has and will suffer irreparable damages to her business, reputation, and goodwill.

**RESPONSE:** Tee Shirt Central denies the allegations contained in Paragraph 60 of the Amended Complaint.

61. There is a likelihood of success on the merits as the Defendants had access to the Plaintiff's copyrighted design and the infringing design of the Defendant is substantially similar in a side by side comparison to the copyrighted protected design of the Plaintiff.

**RESPONSE:** Tee Shirt Central denies the allegations contained in Paragraph 61 of the Amended Complaint.

62. Defendant did not make an innocent mistake, in that after Defendant was exposed to the Plaintiff's copyright the plaintiff began to counterfeit the Plaintiff's copyright protected design and trademark capturing all of its essence.

**RESPONSE:** Tee Shirt Central denies the allegations contained in Paragraph 62 of the Amended Complaint.

63. Plaintiff is informed and believes, and on the basis alleges, that unless enjoined by this court, Defendant intends to continue its course of conduct and to wrongfully use, infringe upon, sell and otherwise profit from the copyrighted work.

**RESPONSE:** Tee Shirt Central denies the allegations contained in Paragraph 63 of the Amended Complaint.

64.     As a direct and proximate result of the acts of defendants alleged above, Plaintiffs have already suffered irreparable damage.

**RESPONSE:**          Tee Shirt Central denies the allegations contained in Paragraph 64 of the Amended Complaint.

65.     Plaintiff has no adequate remedy at law to redress all of the injuries that Defendant has caused and intends to cause by its infringement and its conduce. (sic).

**RESPONSE:**          Tee Shirt Central denies the allegations contained in Paragraph 65 of the Amended Complaint.

66.     Plaintiff will continue to suffer irreparable damage until Defendant's actions alleged above are enjoined by this Court.

**RESPONSE:**          Tee Shirt Central denies the allegations contained in Paragraph 66 of the Amended Complaint.

67.     The Defendants knowingly interfered with the Plaintiff's copyright in that the Defendant's interfered with Plaintiff's reproduction rights by reproducing copies of the Plaintiff's copyrighted material of children and infant apparel.

**RESPONSE:**          Tee Shirt Central denies the allegations contained in Paragraph 67 of the Amended Complaint.

68.     The Defendants modified the Plaintiff's copyright without permission.

**RESPONSE:**          Tee Shirt Central denies the allegations contained in Paragraph 68 of the Amended Complaint.

69.     Defendants exercised distribution rights of the Plaintiff's copyrighted work without permission.

**RESPONSE:**         Tee Shirt Central denies the allegations contained in Paragraph 69 of the Amended Complaint.

70.     The Defendants publically displayed Plaintiff's copyrighted work without permission.

**RESPONSE:**         Tee Shirt Central denies the allegations contained in Paragraph 70 of the Amended Complaint.

71.     That each of the aforementioned invokes separate and distinct rights of action for reimbursement for infringing upon the Plaintiff's copyrighted material.

**RESPONSE:**         Tee Shirt Central denies the allegations contained in Paragraph 71 of the Amended Complaint.

72.     That the Plaintiff is entitled to out-of-pocket damages as of February 2, 2010.

**RESPONSE:**         Tee Shirt Central denies the allegations contained in Paragraph 72 of the Amended Complaint.

73.     That the Defendant Spencer Gifts Online LLC began selling the infringing apparel after the February 2, 2010 copyright was awarded to the Plaintiff.

**RESPONSE:**         Tee Shirt Central denies the allegations contained in Paragraph 73 of the Amended Complaint.

74.     That the Plaintiff is entitled to Statutory damages and attorney fees from Spencer Gifts Online LLC for their infringement as it occurred after the copyright was awarded to the Plaintiff.

**RESPONSE:**         Denied.  Plaintiffs' claim for statutory damages and attorneys' fees is barred by 17 U.S.C. § 412.

## COUNT II
## COPYRIGHT INFRINGEMENT AGAINST ALL DEFENDANTS

75.     Plaintiff realleges and incorporates by this reference each and every allegation set [forth in the] paragraphs 1-74 herein for their Second ground for relief.  (Plaintiff is not seeking statutory damages or attorney fees related to this count).

**RESPONSE:**          Tee Shirt Central incorporates by reference its responses to all preceding paragraphs of the Amended Complaint as if fully set forth herein.

76.     That the Defendants have infringed upon the Plaintiff's copyright awarded to Plaintiff November 3, 2010 which contains the same original epigram and design as the February 2, 2010 copyright with a different human face.

**RESPONSE:**          Tee Shirt Central denies the allegations contained in Paragraph 76 of the Amended Complaint.  Tee Shirt Central specifically denies (without limitation) that it had access to the alleged work which contains some sort of hand-drawn figure and a common slogan not developed by Plaintiff.

77.     That the Defendants infringed upon this copyright by utilizing the original epigram and design of the plaintiff's copyrights without the Plaintiff's permission.

**RESPONSE:**          Tee Shirt Central denies the allegations contained in Paragraph 77 of the Amended Complaint.

78.     That the Defendant Spencer Gifts LLC and their agents, subsidiaries were exposed to the Plaintiff's original epigram and design from E-mails the Plaintiff had sent them.

**RESPONSE:**          Tee Shirt Central denies the allegations contained in Paragraph 78 of the Amended Complaint.

79.     That the Defendants knew or should have known that the Plaintiff was the creator of the design and original epigrams.

**RESPONSE:** Tee Shirt Central denies the allegations contained in Paragraph 79 of the Amended Complaint.

<u>**COUNT III**</u>
<u>**TRADEMARK INFRINGEMENT AGAINST ALL DEFENDANTS**</u>

80. As a complete and Third ground for relief, Plaintiff hereby charges Defendants with infringement of U.S. Trademark see exhibit L attached hereto and incorporated herein, under the trademark laws of the United States and, in particular, 15 U.S.C. § 1114, and Plaintiff realleges Paragraphs 1-79 of this Complaint as if fully set forth herein.

**RESPONSE:** Tee Shirt Central incorporates by reference its responses to all preceding paragraphs of the Amended Complaint as if fully set forth herein. Tee Shirt Central specifically denies that it has infringed upon Plaintiffs' alleged design and/or violated any trademark provision.

81. Notwithstanding Plaintiff's well known and prior-established rights in its Sorry Boys, my Daddy says I Can't Date 'Till I'm 30 trademark, and without the authorization of Plaintiff, Defendants have sold and distributed, in U.S. and International commerce, infant and children's apparel branded with the Sorry Boys, my Daddy says I Can't Date 'Till I'm 30 mark, which is confusingly similar to Plaintiff's Sorry Boys, my Daddy says I Can't Date 'Till I'm 30 trademark.

**RESPONSE:** Tee Shirt Central denies the allegations contained in Paragraph 81 of the Amended Complaint.

82. Defendants' use of the Sorry Boys, my Daddy says I Can't Date 'Till I'm 30 mark, without authorization from Plaintiff, is likely to cause confusion, mistake and/or deception as to the affiliation, connection and/or association with Plaintiff and its registered Sorry Boys, my Daddy says I Can't Date 'Till I'm 30 mark, or as to the origin, sponsorship or

approval of Defendants' products and services by Plaintiff, in violation of 15 U.S.C. § 1114, and infringes Plaintiff's trademark rights.

**RESPONSE:** Tee Shirt Central denies the allegations contained in Paragraph 82 of the Amended Complaint.

83. Defendants' infringement of Plaintiff's registered Sorry Boys, my Daddy says I Can't Date 'Till I'm 30 trademark is detrimental to the good will and business reputation symbolized by Plaintiff's Sorry Boys, my Daddy says I Can't Date 'Till I'm 30 mark. All of the foregoing conduct by Defendants infringes Plaintiff's Sorry Boys my Daddy says I Can't Date 'Till I'm 30 mark and causes Plaintiffs irreparable harm.

**RESPONSE:** Tee Shirt Central denies the allegations contained in Paragraph 83 of the Amended Complaint.

84. Defendants' acts alleged herein were committed willfully and with knowledge that such unauthorized trademark use would cause confusion, or cause mistake, or deceive purchasers to believe that Plaintiff sponsored, endorsed, or authorized Defendants' products and services. Thus, a finding of an exceptional case within the meaning of 15 U.S.C. §1117 is warranted.

**RESPONSE:** Tee Shirt Central denies the allegations contained in Paragraph 84 of the Amended Complaint.

85. That forgoing acts of the Defendants have resulted in dilution to Plaintiff's trademark.

**RESPONSE:** Tee Shirt Central denies the allegations contained in Paragraph 85 of the Amended Complaint.

## COUNT IV
## TRADEMARK INFRINGEMENT AGAINST TEE SHIRT CENTRAL, INC.

86.     As a complete and Fourth ground for relief, , Plaintiff hereby charges Defendants with infringement of U.S. Trademark see exhibit attached hereto and incorporated herein, under the trademark laws of the United States and, in particular, 15 U.S.C. § 1114, and Plaintiff realleges Paragraphs 1-85 of this Complaint as if fully set forth herein

**RESPONSE:**        Tee Shirt Central incorporates by reference its responses to all preceding paragraphs of the Amended Complaint as if fully set forth herein.  Tee Shirt Central specifically denies that it has infringed upon Plaintiff's alleged design and/or violated any trademark provision.

87.     Notwithstanding Plaintiff's well known and prior-established rights in its "I like shiny things just like mommy" trademark, and without the authorization of Plaintiff, Defendant Tee Shirt Central have sold and distributed, in U.S. commerce, T-Shirts branded with the "I like shiny things just like mommy" mark, which is confusingly similar to Plaintiff's trademark.

**RESPONSE:**        Tee Shirt Central denies the allegations contained in Paragraph 87 of the Amended Complaint.  By way of further answer, Tee Shirt Central denies that Plaintiff has a valid trademark in the t-shirts and/or other products branded with the slogan "I like shiny things like mommy."

88.     Defendants' use of the "I like shiny things just like mommy" mark, without authorization from Plaintiff, is likely to cause confusion, mistake and/or deception as to the affiliation, connection and/or association with Plaintiff and its registered "I like shiny things just like mommy" trademark, or as to the origin, sponsorship or approval of Defendants'

28

products and services by Plaintiff, in violation of 15 U.S.C. § 1114, and infringes Plaintiff's

trademark rights.

    **RESPONSE:**    Tee Shirt Central denies the allegations contained in

Paragraph 88 of the Amended Complaint.

    89.  Defendants' infringement of Plaintiff's registered "I like shiny things just

like mommy" trademark is detrimental to the good will and business reputation symbolized by

Plaintiff's "I like shiny things just like mommy" mark.  All of the foregoing conduct by

Defendants infringes Plaintiff's "I like shiny things just like mommy" mark and causes Plaintiffs

irreparable harm.

    **RESPONSE:**    Tee Shirt Central denies the allegations contained in

Paragraph 89 of the Amended Complaint.

    90.  Defendants' acts alleged herein were committed willfully and with

knowledge that such unauthorized trademark use would cause confusion, or cause mistake, or

deceive purchasers to believe that Plaintiff sponsored, endorsed, or authorized Defendants'

products and services.  Thus, a finding of an exceptional case within the meaning of 15 U.S.C. §

1117 is warranted.

    **RESPONSE:**    Tee Shirt Central denies the allegations contained in

Paragraph 90 of  the Amended Complaint.

    91.  That foregoing acts of the Defendant has resulted in dilution to Plaintiff's

trade mark.  (See linesheet Exhibit M from Tee shirt Central)

    **RESPONSE:**    Tee Shirt Central denies the allegations contained in

Paragraph 91 of the Amended Complaint.

**COUNT V**
**FALSE DESIGNATION OF ORIGIN AS TO ALL DEFENDANTS**

92.     Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 – 91 for their Fifth ground for relief.

**RESPONSE:**          Tee Shirt Central incorporates by reference its responses to all preceding paragraphs of the Amended Complaint as if fully set forth herein.

93.     Plaintiff alleges that the defendants infringed upon their trademark Sorry Boys, my Daddy says I Can't Date 'Till I'm 30.

**RESPONSE:**          Tee Shirt Central denies the allegations contained in Paragraph 93 of the Amended Complaint.

94.     Defendants, while doing business in interstate commerce, have intentionally or negligently misrepresented the source of Defendants' products to actual and potential customers of Defendant's and to other third parties.

**RESPONSE:**          Tee Shirt Central denies the allegations contained in Paragraph 94 of the Amended Complaint.

95.     Defendants' wrongful conduct constitutes a violation of Section 43 (a) of the Lanham Act, 15 U.S.C. section 1125(a).

**RESPONSE:**          Tee Shirt Central denies the allegations contained in Paragraph 95 of the Amended Complaint.

96.     Plaintiffs have no adequate remedy at law for Defendant's wrongful conduct in that (i) if Defendant's wrongful conduct continues, consumers are likely to become further confused as to the source of the copyrighted work, (ii) Defendant's use constitutes an interference with Plaintiff's goodwill and reputation, and (iii) Defendant's conduct, and the resultant damages to Plaintiff, are continuing.

**RESPONSE:**          Tee Shirt Central denies the allegations contained in Paragraph 96 of the Amended Complaint.

97.     That forgoing acts of the Defendants have resulted in dilution to Plaintiff's trademark.

**RESPONSE:**          Denied. Tee Shirt Central further denies that Plaintiffs have any trademark which qualifies for protection from dilution pursuant to 15 U.S.C. 1125(c).

98.     Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. section 1116(a).

**RESPONSE:**          Tee Shirt Central denies the allegations contained in Paragraph 98 of the Amended Complaint.

99.     Defendant has been guilty of oppression, fraud and malice in doing the things herein by reason of which Plaintiff is entitled to damages for the sake of example and by way of punishing Defendants.

**RESPONSE:**          Tee Shirt Central denies the allegations contained in Paragraph 99 of the Amended Complaint.

100.    Plaintiffs are also entitled to recover their attorney's fees and costs of suit pursuant to 15 U.S.C. Section 1117(a)

**RESPONSE:**          Tee Shirt Central denies the allegations contained in Paragraph 100 of the Amended Complaint.

## <u>COUNT VI</u>
### <u>FALSE DESIGNATION OF ORIGIN AGAINST TEE SHIRT CENTRAL, INC.</u>

101.    Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 – 100 for their Sixth ground for relief.

**RESPONSE:** Tee Shirt Central incorporates by reference its responses to all preceding paragraphs of the Amended Complaint as if fully set forth herein.

102. Defendant Tee Shirt Central Inc., while doing business in interstate commerce, have intentionally or negligently misrepresented the source of Defendant's products to actual and potential customers of Defendant and to other third parties. (See LINESHEET EXHIBIT M which contains two of Plaintiff's protected properties)

**RESPONSE:** Tee Shirt Central denies the allegations contained in Paragraph 102 of the Amended Complaint.

103. In that the Defendant Tee Shirt Central infringed upon the Plaintiff's trademark "I Like Shiny Things Just Like Mommy."

**RESPONSE:** Tee Shirt Central denies the allegations contained in Paragraph 103 of the Amended Complaint.

104. Defendant's wrongful conduct constitutes a violation of Section 43 (a) of the Lanham Act, 15 U.S.C. section 1125(a).

**RESPONSE:** Tee Shirt Central denies the allegations contained in Paragraph 104 of the Amended Complaint.

105. Plaintiffs have no adequate remedy at law for Defendant's wrongful conduct in that (i) if Defendant's wrongful conduct continues, consumers are likely to become further confused as to the source of the copyrighted work, (ii) Defendant's use constitutes an interference with Plaintiff's goodwill and reputation, and (iii) Defendant's conduct, and the resultant damages to Plaintiff, are continuing.

**RESPONSE:** Tee Shirt Central denies the allegations contained in Paragraph 105 of the Amended Complaint.

106.    Accordingly, Plaintiffs are entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. section 1116(a).

**RESPONSE:**    Tee Shirt Central denies the allegations contained in Paragraph 106 of the Amended Complaint.

107.    Defendant has been guilty of oppression, fraud and malice in doing the things herein, by reason of which Plaintiff is entitled to damages for the sake of example and by way of punishing Defendant.

**RESPONSE:**    Tee Shirt Central denies the allegations contained in Paragraph 107 of the Amended Complaint.

108.    Plaintiffs are also entitled to recover their attorney's fees and costs of suit pursuant to 15 U.S.C. Section 1117(a)

**RESPONSE:**    Tee Shirt Central denies the allegations contained in Paragraph 108 of the Amended Complaint.

## COUNT VII
## UNFAIR BUSINESS PRACTICES AGAINST ALL DEFENDANTS

109.    As a complete and Seventh ground for relief, Plaintiff charges Defendants with unfair business practices in violation of laws of the State of Illinois as provided by the Illinois Consumer Fraud and Deceptive Business Practices Act 815 ILCAS 501/1 *et seq.* and the common law, and realleges paragraphs 1-108 of this Complaint as if fully set forth herein.

**RESPONSE:**    Tee Shirt Central incorporates by reference its responses to all preceding paragraphs of the Amended Complaint as if fully set forth herein. Tee Shirt Central specifically denies that it has engaged in unfair business practices and/or violated any provision under Illinois state law.

110.     Defendants have promoted, advertised and sold branded with the Sorry Boys, my Daddy says I Can't Date 'Till I'm 30 mark, thereby causing a likelihood of confusion or of misunderstanding as to affiliation, connection or association with or certification by Plaintiffs, has passed of its products as those of Plaintiffs, and/or has engaged in other conduct with similarly creates a likelihood of confusion or misunderstanding.

**RESPONSE:**          Denied.  Tee Shirt Central specifically denies (without limitation) that it promoted, advertised, and sold material which unlawfully used the Plaintiffs' alleged design on T-shirts, which design consists of clip art and a common slogan not associated with any one entity.  Tee Shirt Central further denies (without limitation) that it is liable under the Illinois Consumer Fraud and Deceptive Business Practices Act.  By way of further answer, (and without limitation) the allegations contained in paragraph 110 constitute conclusions of law to which no response is required.

111.     The Defendants sold the Sorry Boys, my Daddy says I Can't Date 'Till I'm 30 mark, for approximately one half the price the Plaintiffs had sold their authorized children apparel for.

**RESPONSE:**          Denied.  Tee Shirt Central specifically denies (without limitation) that it promoted, advertised, and sold material which unlawfully used the Plaintiffs' alleged design on T-shirts, which design consists of clip art and a common slogan not associated with any one entity.  Tee Shirt Central further denies (without limitation) that it is liable under the Illinois Consumer Fraud and Deceptive Business Practices Act.  By way of further answer, (and without limitation) the allegations contained in paragraph 111 of the Amended Complaint constitute conclusions of law to which no response is required.

112.     The foregoing unfair competition and deceptive acts and practices of Defendants with respect to the advertising, offering for sale, and sale of infant and children's apparel branded with the Sorry Boys, my Daddy says I Can't Date 'Till I'm 30 mark, have caused Plaintiffs to suffer irreparable harm and constitutes consumer fraud and deceptive trade practices in violation of the laws of the State of Illinois, and the common law, and are subject to the sanctions provided therein.

**RESPONSE:**          Denied.  Tee Shirt Central specifically denies (without limitation) that it promoted, advertised, and sold material which unlawfully used the Plaintiffs' alleged design on T-shirts, which design consists of clip art and a common slogan not associated with any one entity.  Tee Shirt Central further denies (without limitation) that it is liable under the Illinois Consumer Fraud and Deceptive Business Practices Act.  By way of further answer, (and without limitation) the allegations contained in paragraph 112 constitute conclusions of law to which no response is required.

### .COUNT VIII
### UNFAIR BUSINESS PRACTICES AGAINST DEFENDANT, TEE SHIRT CENTRAL INC.

113.     As a complete and Eighth ground for relief, Plaintiff charges Defendants Tee Shirt Central Inc. with unfair business practices in violation of laws of the State of Illinois as provided by the Illinois Consumer Fraud and Deceptive Business Practices Act 815 ILCS 505/1 *et seq.* and the common law, and realleges paragraphs 1 – 113 of this Complaint as if fully set forth herein.

**RESPONSE:**          Tee Shirt Central incorporates by reference its responses to all preceding paragraphs of the Amended Complaint as if fully set forth herein.  Tee Shirt Central

specifically denies that it has engaged in unfair business practices and/or violated any provision under Illinois state law.

114.     Defendant has promoted, advertised and sold branded with the "I like shiny things just like mommy" mark, for substantially less than the Plaintiff, thereby causing a likelihood of confusion or of misunderstanding as to affiliation, connection or association with or certification by Plaintiffs, has passed off its products as those of Plaintiffs, and/or has engaged in other conduct which similarly creates a likelihood of confusion or misunderstanding.

**RESPONSE:**          Tee Shirt Central denies the allegations contained in Paragraph 114 of the Amended Complaint.

115.     The forgoing unfair competition and deceptive acts and practices of Defendants with respect to the advertising, offering for sale, and sale of tee shirts branded with the "I like shiny things just like mommy" mark, have caused Plaintiffs to suffer irreparable harm and constitutes consumer fraud and deceptive trade practices in violation of the laws of the State of Illinois, and the common law, and are subject to the sanctions provided therein.

**RESPONSE:**          Tee Shirt Central denies the allegations contained in Paragraph 115 of the Amended Complaint.

<u>**COUNT IX**</u>
<u>**DECEPTIVE TRADE PRACTICES AGAINST ALL DEFENDANTS**</u>

116.     As a complete and Ninth ground for relief, Plaintiffs charges Defendants with deceptive trade practices in violation of laws of the State of Illinois, as provided by the Illinois Uniform Deceptive Trade Practices Act 815 ILCS 510/1 *et seq.* and the common law, and realleges paragraphs 1 – 115 of this Complaint as if fully set forth.

**RESPONSE:**          Tee Shirt Central incorporates by reference its responses to all preceding paragraphs of the Amended Complaint as if fully set forth herein.  Tee Shirt Central

specifically denies that it has engaged in unfair business practices and/or violated any provision under Illinois state law.

117. Defendants have used the Sorry Boys, my Daddy says I Can't Date 'Till I'm 30 mark in connection with the advertising, promotion and selling of infant and children's apparel, thereby causing a likelihood of confusion or of misunderstanding as to affiliation, connection or association with or certification by Plaintiffs, has passed off its products as those of Plaintiffs, and/or has engaged in other conduct which similarly creates a likelihood of confusion or misunderstanding.

**RESPONSE:** Denied. Tee Shirt Central specifically denies (without limitation) that it promoted, advertised, and sold material which unlawfully used the Plaintiffs' alleged design on T-shirts, which design consists of clip art and a common slogan not associated with any one entity. Tee Shirt Central further denies (without limitation) that it is liable under the Illinois Consumer Fraud and Deceptive Business Practices Act. By way of further answer, (and without limitation) the allegations contained in Paragraph 117 of the Amended Complaint constitute conclusions of law to which no response is required.

118. The foregoing unfair competition and deceptive acts and practices of Defendants with respect to the advertising, offering for sale, and sale of infant and children apparel branded with the Sorry Boys, my Daddy says I Can't Date 'Till I'm 30 mark have caused, and will continue to cause Plaintiffs to suffer irreparable harm and constitutes consumer fraud and deceptive trade practices in violation of the laws of the State of Illinois and the common law, and are subject to the sanctions provided therein.

**RESPONSE:** Denied. Tee Shirt Central specifically denies (without limitation) that it promoted, advertised, and sold material which unlawfully used the Plaintiffs'

alleged design on T-shirts, which design consists of clip art and a common slogan not associated with any one entity. Spencer Gifts further denies (without limitation) that it is liable under the Illinois Consumer Fraud and Deceptive Business Practices Act. By way of further answer, (and without limitation) the allegations contained in Paragraph 118 of the Amended Complaint constitute conclusions of law to which no response is required.

119.    The Defendant Spencer gifts obtained exposure to the Plaintiff's designs and epigrams under false pretenses with the intent to steal them instead of to do business with the Plaintiff.

**RESPONSE:**        Tee Shirt Central is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 119 of the Amended Complaint and so denies the same and leaves Plaintiffs to their proofs. Tee Shirt Central specifically denies that it promoted, advertised, and sold material which unlawfully used the Plaintiffs' design on T-shirts, which design consists of clip art and a common slogan not associated with any one entity. Tee Shirt Central further denies (without limitation) that it is liable under the Illinois Consumer Fraud and Deceptive Business Practices Act. By way of further answer, (and without limitation) the allegations contained in Paragraph 119 of the Amended Complaint constitute conclusions of law to which no response is required.

## COUNT X
## DECEPTIVE TRADE PRACTICES AGAINST DEFENDANT, TEE SHIRT CENTRAL INC.

120.    As a complete and Tenth ground for relief, Plaintiffs charges Defendant Tee Shirt Central Inc. with deceptive trade practices in violation of laws of the State of Illinois as provided by the Illinois Uniform Deceptive Trade Practices Act 815 ILCS 510/1 *et seq.* and the common law, and realleges paragraphs 1 – 119 of this Complaint as if fully set forth herein.

**RESPONSE:** Tee Shirt Central incorporates by reference its responses to all preceding paragraphs of the Amended Complaint as if fully set forth herein. Tee Shirt Central specifically denies that it has engaged in unfair business practices and/or violated any provision under Illinois state law.

121. Defendant have used the "I like shiny things just like mommy" mark in connection with the advertising, promotion and selling of infant and children's apparel , thereby causing a likelihood of confusion or of misunderstanding as to affiliation, connection or association with or certification by Plaintiffs, has passed off its products as those of Plaintiffs, and/or has engaged in other conduct which similarly creates a likelihood of confusion or misunderstanding.

**RESPONSE:** Tee Shirt Central denies the allegations contained in Paragraph 121 of the Amended Complaint.

122. The foregoing unfair competition and deceptive acts and practices of Defendants with respect to the advertising, offering for sale, and sale of infant and children's apparel branded with "I like shiny things just like mommy" mark have caused, and will continue to cause Plaintiffs to suffer irreparable harm and constitutes consumer fraud and deceptive trade practices in violation of the laws of the State of Illinois and the common law, and are subject to the sanctions provided therein.

**RESPONSE:** Tee Shirt Central denies the allegations contained in Paragraph 122 of the Amended Complaint.

## COUNT XI
## UNFAIR COMPETITION ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT AGAINST ALL DEFENDANTS

123.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 – 122 for their Eleventh ground for relief.

**RESPONSE:**          Tee Shirt Central incorporates by reference its responses to all preceding paragraphs of the Amended Complaint as if fully set forth herein.

124.     The foregoing acts of Defendants constitute unfair competition in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505 *et seq.*).

**RESPONSE:**          Tee Shirt Central denies the allegations contained in Paragraph 124.

125.     Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled as a result of their unfair competition.

**RESPONSE:**          Tee Shirt Central denies the allegations contained in Paragraph 125.

126.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

**RESPONSE:**          Tee Shirt Central denies the allegations contained in Paragraph 126.

127.     Defendants (sic) acts have damaged and will continue to damage the Plaintiff and Plaintiff has no adequate remedy at law.

**RESPONSE:**          Tee Shirt Central denies the allegations contained in Paragraph 127.

128.     The Plaintiff is entitled to damages as a result of the violation of the

Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505 *et seq.*).

**RESPONSE:**          Tee Shirt Central denies the allegations contained in

Paragraph 128.

129.     Damages alone will not provide an adequate remedy to stop the Defendant

from infringing.

**RESPONSE:**          Tee Shirt Central denies the allegations contained in

Paragraph 129.

<u>**COUNT XII**</u>
<u>**COMMON LAW UNFAIR COMPETITION AGAINST ALL DEFENDANTS**</u>

130.     The Plaintiff repeats and realleges the allegations set forth in paragraphs 1

– 129 for their twelfth ground for relief.

**RESPONSE:**          Tee Shirt Central incorporates by reference its responses to

all preceding paragraphs of the Amended Complaint as if fully set forth herein.

131.     The foregoing acts of the Defendants constitute unfair competition in

violation of the common law of the state of Illinois.

**RESPONSE:**          Tee Shirt Central denies the allegations contained in

Paragraph 131.

132.     The foregoing acts of Defendants constitute unfair competition in

violation of the Illinois Consumer Fraud and Deceptive Business practices Act (815 ILCS 505 et

seq.).

**RESPONSE:**          Tee Shirt Central denies the allegations contained in

Paragraph 132.

133.     Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled as a result of their unfair competition.

**RESPONSE:**          Tee Shirt Central denies the allegations contained in Paragraph 133.

134.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

**RESPONSE:**          Tee Shirt Central denies the allegations contained in Paragraph 134.

135.     Defendants acts have damaged and will continue to damage the Plaintiff and Plaintiff has no adequate remedy at law.

**RESPONSE:**          Tee Shirt Central denies the allegations contained in Paragraph 135.

136.     Defendant Spencer gifts obtained exposure to the Plaintiff's designs and epigrams under false pretenses with the intent to steal them instead of to do business with the Plaintiff.

**RESPONSE:**          Denied. The allegations contained in Paragraph 136 are directed toward a Defendant other than Tee Shirt Central and therefore these allegations are denied.

137.     The Plaintiff is entitled to damages as a result of the violation of the Illinois Consumer Fraud and Deceptive Practices Act (815 ILCS 505 *et seq.*).

**RESPONSE:**          Tee Shirt Central denies the allegations contained in Paragraph 137.

138.     Damages alone will not provide an adequate remedy to stop the Defendant from infringing.

**RESPONSE:**          Tee Shirt Central denies the allegations contained in Paragraph 138.

## COUNT XIII
## UNJUST ENRICHMENT AGAINST ALL DEFENDANTS

139.     The Plaintiff repeats and realleges the allegations set forth in paragraphs 1 – 138 for their thirteenth ground for relief.

**RESPONSE:**          Tee Shirt Central incorporates by reference its responses to all preceding paragraphs of the Amended Complaint as if fully set forth herein.

140.     The acts complained of above constitute unjust enrichment of the Defendants at the Plaintiff's expense, in violation of the common law of the state of Illinois.

**RESPONSE:**          Tee Shirt Central denies the allegations contained in Paragraph 140.

141.     Tee Shirt Central denies that Plaintiffs are entitled to any relief, including but not limited to the relief requested in the "Wherefore" clause of the Amended Complaint.

142.     Tee Shirt Central denies each and every allegation in the Amended Complaint that relates to or is directed to Tee Shirt Central  unless such allegations are expressly admitted in this Answer.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Invalidity of Copyright)

1.     Plaintiffs' cited copyright registrations relate to works that lack the requisite originality for copyright protection.

## SECOND AFFIRMATIVE DEFENSE
### (No Infringement)

2.      Even assuming, *arguendo*, the copyrights were valid, Tee Shirt Central

did not engage in infringement because all that is similar between the asserted and accused

works is the idea of a retro clip art male figure with a trite and common "Sorry Boys" slogan.

## THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

3.      Plaintiffs' claims are barred as a result of their unclean hands.  Namely,

Plaintiffs failed to reveal to the Copyright Office in making the initial application for registration

of the allegedly infringed work (the "Sorry Boys" T-shirt) that the allegedly infringed work was

based on pre-existing works, namely clip art, and a common short slogan and, therefore, that

work is a trivial variation of public domain works known and used by others.  Plaintiffs have

attempted to perpetuate a fraud on this Court by claiming rights to a slogan that was authored

and used by others well before the Plaintiff, Heather Daniels' alleged date of creation and first

use on November 11, 2008.  Plaintiffs have repeatedly and knowingly asserted false and

defamatory representations about Defendant, Tee Shirt Central, including claims that:  (1)

Plaintiffs have an original work of authorship which was stolen by Spencer Gifts; and/or Tee

Shirt Central; (2) that the design of the T-shirt was original (when the drawing used was, in fact,

clip art); and (3) that Plaintiff, Heather Daniels, created the wording on the allegedly infringing

T-shirt when, in fact, it is a common slogan, within the public domain and products bearing the

exact slogan were created and sold by various vendors well before Plaintiff's alleged creation on

November 11, 2008.  In addition, Plaintiffs falsely represented to this Court, while seeking a

temporary restraining order, that Spencer Gifts and other parties have misappropriated Plaintiffs'

"confidential designs."  On information and belief, Plaintiff, Heather Daniels, with full

knowledge that she failed to disclose the use of clip art in the original application for copyright, contacted the owner of Image Vision (which licenses clip art) and, by e-mail dated September 2, 2010, indicated that she was attempting to locate the original artist of the clip art, and asked that if she incorporated this image into her new design, could she copyright the entire design. Significantly, in responding to the electronic mail, the owner of Image Vision stated that the original artist could not be determined due to the age of the illustration and *none* of the clip art images that he offered for sale could be copyrighted. Nonetheless, with full knowledge that the clip art and slogan are not original, Plaintiffs continue to maintain the sham of these legal proceedings. This matter continues, despite Plaintiffs' knowledge that the original drawing was not authored by Daniels, and the slogan is a non-distinctive, commonplace and widely-used slogan employed by others in an ornamental manner.

### FOURTH AFFIRMATIVE DEFENSE
#### (Unclean Hands and Non-Infringement)

4.     Plaintiffs attempt to perpetuate a further fraud on the Court by claiming that Tee Shirt Central infringed upon the design set forth in Exhibit J to the First Amended Complaint. In particular, Plaintiffs have falsely asserted that Tee Shirt Central had access to the hand drawn art based, on information and belief, on the clip art which was the subject of Plaintiff's second copyright application dated November 3, 2010. This claim of access is knowingly false.

### FIFTH AFFIRMATIVE DEFENSE
#### (Unclean Hands and Non-Infringement)

5.     Plaintiffs attempt to perpetuate a further fraud on the Court by claiming that Tee Shirt Central infringed upon the design "I like shiny things like Mommy" set forth in paragraph 36 of the First Amended Complaint. In particular, on information and belief,

Plaintiffs have falsely asserted that Plaintiff, Heather Daniels created this design and slogan.  In fact, numerous vendors used this common slogan well before Ms. Daniels produced a product with the phrase "I like shiny things…." .  Further, it is apparent that Ms. Daniels makes a practice of claiming exclusive rights in common slogans and clip art that is put together in one of the few available ways.

## SIXTH  AFFIRMATIVE DEFENSE
### (Preemption)

6.      Plaintiffs' claim for false designation of origin under the Lanham Act is preempted by the Copyright Act as held by the United States Supreme Court in *Dastar Corp. v. Twentieth Century Fox Corp.*, 539 U.S. 23 (2003).

## SEVENTH AFFIRMATIVE DEFENSE
### (Statutory Damages)

7.      Plaintiffs' claim for statutory damages under the Copyright Act is barred by 17 U.S.C. § 412(2) because Tee Shirt Central's commencement of the alleged infringement (which it specifically denies), occurred prior to the effective date of Plaintiffs' registration and the registration was not secured within three months of the first publication of the Plaintiffs' design.

## EIGHTH AFFIRMATIVE DEFENSE
### (Innocent Intent)

8.      In the event Tee Shirt Central is found to have violated any rights held by the Plaintiffs, which Tee Shirt Central  denies, such violations were done with innocent intent and were not willful.

## OTHER DEFENSES

9.      Plaintiffs' claims for injunctive or other equitable relief are barred because there is an adequate remedy at law.

10.      Plaintiffs' Complaint fails to state a claim for unlawful conduct under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.,* because Tee Shirt Central completely complied with the applicable law in connection with the marketing and sale of the alleged product.  Further, no act or omission of Tee Shirt Central was unlawful.

11.      Plaintiffs' Complaint fails to state a claim for false or misleading business practices under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, because Tee Shirt Central labeling and advertising for the products was not misleading, unfair or deceptive.  Further, no act or omission of Tee Shirt Central was misleading, unfair or deceptive.

12.      Plaintiffs' claims are barred in whole or in part because the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, is insufficiently definite to provide adequate or fair notice of the conduct proscribed, in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the due process protections of the applicable state constitution.

13.      Plaintiffs' claims are barred in whole or in part because the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, unconstitutionally burdens interstate business practices which are regulated by the U.S. Copyright Office.

14.      Plaintiffs' Complaint fails to properly plead Plaintiffs' claims under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, with sufficient particularity.

15.      Plaintiffs' Complaint fails to state a cognizable claim under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, because the

majority of the alleged violations of the Illinois Consumer Fraud and Deceptive Business Practices Act occurred outside of Illinois.

16.     The claims asserted in the Complaint under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, are barred because the Complaint does not allege proximate causation for Plaintiffs' claimed injuries.

17.     Tee Shirt Central adopts and incorporates by reference all defenses pleaded by any other defendant except to the extent that they are inconsistent with the defenses pleaded in this Answer.

18.     Tee Shirt Central reserves the right to supplement or amend this Answer, including through the addition of further affirmative defenses, based upon the course of discovery and proceedings in this action.

## <u>COUNTERCLAIMS</u>

1.     These are counterclaims for a Declaratory Judgment pursuant to 28 U.S.C. §§ 2201 and 2202 respectively, in which Tee Shirt Central seeks a determination that Plaintiffs' copyright registration for "Sorry Boys, my Daddy says I Can't Date 'Til i'm 30" is invalid or unenforceable due to fraud on the U.S. Copyright Office for Plaintiffs' failure to disclose pre-existing works.

## <u>PARTIES</u>

2.     Upon representation of Plaintiffs' counsel, Tee Shirt Central alleges (without prejudice) that Plaintiff, Heather Daniels, is a resident of the State of Illinois.

3.     Upon information and belief, Plaintiff, Urban Bratz, LLC, is and was a corporation existing under the laws of the State of California with its principal place of business

at 401 Forest Park Blvd., Oxnard, California 93036.  Urban Bratz, LLC conducts business in the Northern District of California.

4.      Defendant/ Counterclaim Plaintiff, Tee Shirt Central, Inc. is a Florida corporation.

## JURISDICTION AND VENUE

5.      The Counterclaims are for declaratory judgment arising under the Copyright Laws of the United States, 17 U.S.C. § 101 *et seq.* and 28 U.S.C. §§ 2201 and 2202 and seek a declaration of copyright invalidity.  The Court therefore has original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

6.      This Court has personal jurisdiction over Heather Daniels and Urban Bratz, LLC, by virtue of their submission to the jurisdiction of this Court.  Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391.

## BACKGROUND

7.      Plaintiff, Heather Daniels, claims to have created an original design entitled "Sorry Boys, my Daddy says I Can't Date 'Til I'm 30" on or about November 11, 2008.

8.      Plaintiff made an unsolicited contact to Spencer Gifts' Buyer, Cori Totoro, on March 23, 2009, inquiring whether Spencer Gifts would be interested in carrying her new clothing line from Urban Bratz, LLC.

9.      In October of 2009, Spencer Gifts bought T-Shirts offered to it by one of its established vendors, Tee Shirt Central, with what the Plaintiffs allege is an infringing design. Tee Shirt Central created the specific design in issue.  Spencer Gifts did not participate in any way in the design of the item.

10.     On January 28, 2010, Plaintiff, Heather Daniels again contacted Spencer Gifts inquiring whether or not Spencer Gifts would be interested in carrying her clothing line.

11.     On February 2, 2010, Plaintiff, Heather Daniels, received a United States Copyright Office Certificate of Registration No. VA-1-698-384 for the design at issue. *See* Exhibit "A." (Attached to Defendant, Tee Shirt Central's Exhibit A is a true and correct copy of Plaintiffs' asserted "original" design.).

12.     Plaintiffs' design at issue consists of clip art generally available to the public and a common slogan that had been used by others before Plaintiff, Heather Daniels, allegedly created her design. Neither the components nor combination of clip art and slogan is subject to exclusive appropriation.

13.     The clip art that is claimed in the '384 registration to be Plaintiffs' design is located at the website address of http://www.illustrationsof.com/77562-royalty-free-businessman-clipart-illustration and a sample is attached as Exhibit "B."

14.     The clip art is essentially identical to the design claimed by the Plaintiffs to be their original work. *See* comparison in Exhibit "C." (Image 1 of Exhibit C is the Clip Art. Image 2 is Plaintiffs' asserted "original" design.).

15.     The design element on the allegedly infringing shirt is a different piece of clip art which is also publically available and a public domain work which can be freely used.

## FIRST COUNTERCLAIM

**Unenforceability of Plaintiffs' Copyright Registration for "Sorry Boys, my Daddy says I Can't Date 'Til I'm 30" (VA-1-698-384) Due to Plaintiffs' Failure to Disclose Pre-Existing Works and What Modifications, if any, Plaintiffs Contributed**

16.     Tee Shirt Central repeats and realleges all foregoing allegations made in its affirmative defenses and counterclaims as if fully set forth herein.

17.     Plaintiffs failed to disclose pre-existing work to the U.S. Copyright Office regarding the "Sorry Boys, my Daddy says I Can't Date 'Til I'm 30" design within the application for copyright registration number VA 1-698-384, and therefore the copyright is unenforceable. *See* Exhibit B.

18.     Plaintiffs failed to disclose what modifications, if any, they contributed to the pre-existing work and therefore, their copyright for the "Sorry Boys, my Daddy says I Can't Date 'Til I'm 30" design alleged to be covered under copyright registration number VA 1-698-384 is unenforceable.  In addition, Plaintiffs attempted to cover up their original failure to disclose the use of clip art, compounding their deception, by filing a second application for registration that falsely claimed the slogan was original.  The slogan is common, was used by others, and has been used by others well before the Plaintiffs' claimed date of original creation, November 11, 2008.

19.     There is an actual and justiciable controversy between Tee Shirt Central and Plaintiffs concerning the enforceability of the copyright at issue.  Plaintiffs allege the copyright is enforceable and Tee Shirt Central alleges that it is not.

20.     There is an actual and justiciable controversy between Tee Shirt Central and Plaintiffs concerning infringement of Plaintiffs' copyright at issue.  Plaintiffs allege that the design at issue, sold or offered by Tee Shirt Central to Spencer Gifts, infringes on their alleged copyright in the design claimed to be the subject of copyright registration number VA 1-698-384.  Tee Shirt Central asserts that there is no infringement because no protectable expression has been copied and the alleged copyright is invalid and/or unenforceable.

21.     For the above reasons, the Court should declare that Plaintiffs' alleged copyright represented in their registration for the "Sorry Boys, my Daddy says I Can't Date 'Til

I'm 30" design (VA 1-698-384) is invalid and/or unenforceable because Plaintiffs failed to disclose pre-existing works to the U.S. Copyright Office and failed to disclose the modifications that they contributed, if any, to those works. In addition, the Court should declare that the work is not infringed.

## SECOND COUNTERCLAIM

**Invalidity of Plaintiffs' Copyright Registration for the "Sorry Boys, my Daddy says I Can't Date 'Til I'm 30" design (VA-1-698-384) Due to Fraud on The Copyright Office for Plaintiffs' Failure to Disclose Pre-Existing Works.**

22.     Tee Shirt Central repeats and realleges all foregoing allegations made in its affirmative defenses and counterclaims as if fully set forth herein.

23.     Plaintiffs failed to disclose the pre-existing works used by the Plaintiffs for the claimed original design "Sorry Boys, my Daddy says I Can't Date 'Til I'm 30" that is the subject of copyright registration number VA 1-698-384. *See* Exhibit "B."

24.     Plaintiffs in their aforesaid copyright application failed to disclose that the image used by the Plaintiffs with the design at issue incorporated clip art, which was generally available to the public, and that the "original epigram" is in fact a common slogan used by others for ornamentation in the same manner as Plaintiffs have used it, but instead falsely claimed that the entire design was Plaintiffs' original design. *See* Exhibits A-C.

25.     Plaintiffs' deliberate concealment of the pre-existing work within their application for copyright registration number VA 1-698-384 with the U.S. Copyright Office, constitutes fraud on the Copyright Office and the assertion of such registration procured through fraud is copyright misuse.

26. There is an actual and justiciable controversy between Tee Shirt Central and Plaintiffs concerning the validity and enforceability of the copyright at issue. Plaintiffs allege the copyright is valid and enforceable and Tee Shirt Central alleges that it is not.

27. There is an actual and justiciable controversy between Tee Shirt Central and Plaintiffs concerning infringement of Plaintiffs' copyright at issue. Plaintiffs allege that the design at issue, sold or offered by Tee Shirt Central to Spencer Gifts, infringes on their alleged copyright in the design claimed to be the subject of copyright registration number VA 1-698-384. Tee Shirt Central asserts that there is no infringement because no protectable expression has been copied and the alleged copyright is invalid and/or unenforceable and not infringed.

28. For the above reasons, the Court should declare that Plaintiffs' alleged copyright represented in their registration for the "Sorry Boys, my Daddy says I Can't Date 'Til I'm 30" design (VA 1-698-384) is unenforceable and the registration invalid and unenforceable based on fraud, based on Plaintiffs' failure to disclose pre-existing works in its application for copyright registration number VA 1-698-384 with the U.S. Copyright Office, such that this suit is a misuse of copyright and that the alleged copyright is not infringed.

29. In addition, the Court should declare that Plaintiffs have no rights in the common slogan because: (1) the slogan, "Sorry Boys, my Daddy says I Can't Date 'Til I'm 30", is merely an ornamental phrase, not subject to trademark protection; (2) Plaintiffs have no basis to claim exclusive rights to use the slogan as it has been used by many others extensively before Plaintiffs' claimed creation on or about November 11, 2008; (3) the Supplemental Register Trademark Registration No. 3,888,346 should be cancelled pursuant to 15 U.S.C. §1120. (A petition for cancellation of said Registration was filed in the United States Trademark Office on December 8, 2010 by Spencer Gifts LLC.).

## THIRD COUNTERCLAIM

**Invalidity of Plaintiffs' Copyright Registration for the "Sorry Boys, my Daddy says I Can't Date 'Til I'm 30" design (VAu-043-680) Due to Fraud on The Copyright Office for Plaintiffs' Failure to Disclose Pre-Existing Works.**

30.     Tee Shirt Central repeats and realleges all foregoing allegations made in its affirmative defenses and counterclaims as if fully set forth herein.

31.     Plaintiffs failed to disclose the pre-existing works used by the Plaintiffs for the claimed original design "Sorry Boys, my Daddy says I Can't Date 'Til I'm 30" that is the subject of copyright registration number VAu-043-680.  (*See* Exhibit "D" which is a true and correct copy of Plaintiffs' VAu-043-680 Copyright Registration with attached specimen.).

32.     Plaintiffs in their aforesaid copyright application failed to disclose that the image used by the Plaintiffs with the design at issue incorporated clip art, which was generally available to the public.  Plaintiffs also failed to disclose that the "original epigram" is in fact a trite, common short slogan employed by others for ornamentation in the same manner as Plaintiffs have used.  Plaintiffs falsely claimed that the entire design was Plaintiffs' original design.  *See* Exhibits A-C.

33.     Plaintiffs' deliberate concealment of the pre-existing clip art and slogan within their application for copyright registration number VAu-043-680 with the U.S. Copyright Office, constitutes fraud on the Copyright Office and the assertion of such registration procured through fraud is copyright misuse.

34.     The Court should declare that Plaintiffs' alleged copyright represented in their registration for the "Sorry Boys, my Daddy says I Can't Date 'Til I'm 30" design (VAu-043-680 ) is unenforceable and the registration invalid and unenforceable based on fraud, based on Plaintiffs' failure to disclose pre-existing works in its application for copyright registration

number VAu-043-680 with the U.S. Copyright Office, such that this suit is a misuse of copyright. In addition, the Court should declare that Plaintiffs have no rights in the common slogan because: (1) the slogan is merely a short phrase used as ornamentation, not subject to trademark protection; and (2) Plaintiffs have no basis to claim exclusive rights to use the slogan as it had been used by many others extensively before Plaintiffs' claimed creation on or about November 11, 2008.

## PRAYER FOR RELIEF

**WHEREFORE,** Tee Shirt Central, Inc. prays for relief as follows:

A. For dismissal with prejudice of all claims by Plaintiffs against Tee Shirt Central, Inc.

B. For a declaration that Plaintiffs' copyright registration number VA 1-698-384 is invalid or unenforceable for lacking originality and due to fraud on the U.S. Copyright Office for Plaintiffs' failure to disclose pre-existing works.

C. For a declaration that Plaintiffs' copyright registration number VAu-043-680 is invalid or unenforceable for lacking originality and due to fraud on the U.S. Copyright Office for Plaintiffs' failure to disclose pre-existing works (slogan).

D. For a declaration that Plaintiffs' false designation of origin claim under the Lanham Act is barred by *Dastar* and preempted by the Copyright Act.

E. For a declaration that Plaintiffs' claim for statutory damages and attorneys' fees under the Copyright Act is barred by 17 U.S.C. § 412(2).

F. For an award of costs and fees pursuant to 15 U.S.C. § 1117 and 17 U.S.C. § 505.

G.  For such other and further relief as the Court should deem just and equitable.

Respectfully submitted,

Date: February 18, 2011

By: __/s Roberta Jacobs-Meadway
**John Gabrielides**
**jtg@brinkshofer.com**
**Jeff Handelman**
**jhandelman@usebrinks.com**
**Brinks Hofer Gilson & Lione**
**NBC Tower, Suite 3600**
**455 North Cityfront Plaza Drive**
**Chicago, IL 60611-5599**
**312.321.4208 - Direct**
**312.321.4299 - Fax**

**Roberta Jacobs-Meadway**
**rjacobsmeadway@eckertseamans.com**
**Maria L. Petrillo**
**Petition for Pro Hac Vice Admission Pending**
**mpetrillo@eckertseamans.com**
**Eckert Seamans Cherin & Mellott, LLC**
**Two Liberty Place**
**50 South 16th Street, 22nd Floor**
**Philadelphia, Pennsylvania 19102**
**Telephone:  (215) 851-8489**
**Facsimile: (215) 851-8383**
**Attorneys for Defendant, Tee Shirt Central,**
**Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2011, I electronically filed the foregoing

Answer to Complaint with Affirmative Defenses and Counterclaims on behalf of Defendant, Tee

Shirt Central, Inc. with the Clerk of the Court using the CM/ECF system which will send an

electronic copy of the foregoing to counsel of record and constitutes service under Federal Rule

Civil Procedure 5(b)(2)(D) pursuant to Local Rule 5.9 of the Northern District of Illinois.


                                          \_\_\_s/Roberta Jacobs-Meadway\_\_\_

                                          Roberta Jacobs-Meadway

                                          ECKERT SEAMANS CHERIN &

                                          MELLOTT, LLC

                                          50 S. 16th Street

                                          Philadelphia, PA  19102

                                          Telephone: 215-851-8400

                                          *Attorneys for Defendant, Tee Shirt*

                                          *Central, Inc.*