UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEATHER DANIELS, URBAN BRATZ, LLC, a California Limited Liability Company,<br><br>    Plaintiff,<br><br>vs.<br><br>SPENCER GIFTS, LLC, a Delaware Limited Liability Company, et al.,<br><br>    Defendants/Counterclaim Plaintiffs<br><br>vs.<br><br>HEATHER DANIELS, URBAN BRATZ, LLC.<br><br>    Counterclaim Defendants. | Case No. 10-cv-5345 |

**PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT OF THE MOTION TO DEFER AMENDMENT OF PLEADINGS UNTIL A FINAL COPYRIGHT OFFICE (AGENCY) ACTION AND TO SEQUENCE THE AMENDMENT OF THE PLEADINGS TO AMEND THE COMPLAINT BEFORE THE ANSWER**

Plaintiff Heather Daniels, Urban Bratz, LLC, by and through their attorney Ronald L. Bell, respectfully moves this Court for an order to defer amendment of the pleadings regarding the status of the copyright registrations until a final agency action regarding Plaintiffs' copyright is decided by the Copyright Office and to sequence amendments of the pleadings to allow amendment of the complaint before amendment of the answer.

Defendants have moved to amend their Answer to add facts regarding recent Copyright Office proceedings relating to Plaintiffs' Copyright Registration No. VA-1-698-384. Defendants' proposed amendment is premature, it would create unnecessary pleading confusion and further amendments of the pleadings would be required.

Defendants' motion to amend is premature because the Copyright Office has not yet rendered a final agency decision as to the validity of Plaintiffs' supplemental copyright registration in response to Plaintiff's second request for reconsideration which is attached as Exhibit 1. If the pleadings were to be amended now, another round of amendments would be needed when the Copyright Office issues its final agency action. If the Copyright Office allows Plaintiffs' pending application for supplementary registration, the Copyright Office will withdraw its cancellation of Registration No. VA-1-698-384 and will assign an additional registration number for the supplementary registration. If instead, the Copyright Office maintains its refusal of the application for supplementary registration, this Court will have to decide on its copyrightability without the presumption of validity.

There is no need to amend the pleadings <u>now</u> because the statutory requirement that a party must have a copyright registration before filing a copyright infringement action:

(1) is not jurisdictional. *Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1241 (2010) ("Section 411(a)'s registration requirement is a precondition to filing a claim that does not restrict a federal court's subject-matter jurisdiction.");

(2) can be satisfied by having a registration <u>at the time</u> the complaint was filed. *Macklin v. Mueck*, 373 F. Sup. 2d 1334, 1336 (N.D. Fla. 2005) ("While the copyright registration appears to have been cancelled in 2003 Defendants have failed to cite any case law that stands for the proposition that a District Court is divested of subject matter jurisdiction during the prosecution of a lawsuit, where it had subject matter jurisdiction at the commencement of the lawsuit, but where the copyright registration has lapsed during the prosecution of that suit. Furthermore, the Court has uncovered no such case law in its own research.

**Error! Digit expected.**

    Accordingly, Defendants' Motion to Vacate this Court's March 9, 2005 Order on the ground that this Court lacks subject matter jurisdiction is DENIED."); and

(3) can be satisfied by having an application for copyright registration whether such application is pending or refused. *Chicago Bd. of Educ. v. Substance, Inc.*, 354 F.3d 624, 631 (7th Cir. 2003). ("Although a copyright no longer need be registered with the Copyright Office to be valid, an application for registration must be filed before the copyright can be sued upon.") (citing 17 U.S.C. § 411(a)).

At the time the Amended Complaint was filed, the Copyright Registration No. VA-1-698-384 was in effect and a supplemental application was pending but refused. Accordingly, Plaintiff's copyright infringement claim satisfies the statutory registration requirement.

Ultimately, this Court will decide the issue of validity of the copyright at issue in this case. *Iconbazaar, LLC v. Am. Online, Inc.*, 308 F. Supp. 2d 630, 634 (M.D.N.C. 2004) ("[D]elaying the institution of a civil action in order to determine whether the copyright will be approved is unnecessary because the owner of the work may bring suit even if his copyright application is denied.") (citing 17 U.S.C. § 411). The only effect of the Copyright Office <u>final</u> determination with respect to Plaintiffs' basic and supplementary copyright registrations will be on whether there will be a presumption of validity when this Court rules on the validity.

Accordingly, Plaintiffs respectfully request deferral of any amendments to the pleadings until after the final decision of the Copyright Office and the sequencing of amendments to require amendment of the complaint before amendment of the answer. Deferral and sequencing will promote judicial efficiency without affecting the merits of the case.

Error! Digit expected.

A proposed Order consistent with this motion is also being submitted pursuant to the Court's Case Management Procedures.

Dated:  October 3, 2011 Respectfully submitted,

By:/s/ Ronald L. Bell

Ronald L. Bell
Ronald L. Bell & Associates P.C.
1275 Barclay Blvd. Suite 100
Buffalo Grove, IL 60089

By:/s/ S.Z. Szczepanski
S.Z. Szczepanski
By: /s/ Mary Jo Boldingh
Mary Jo Boldingh
By:  /s/ Jason A. Berta
Jason A. Berta


FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, Illinois 60654
(312) 832-4500

Attorneys for Plaintiff Heather Daniels,
Urban Bratz, LLC

4

**Error! Digit expected.**